UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

IPS WORLDWIDE, LLC                          Case No.: 6:19-BK-511-KSJ
                                                                                              Chapter: 11

      Debtor
_____/

**APPLICATION OF DEBTOR IPS WORLDWIDE, LLC TO EMPLOY
SUSAN SMITH AS CRO AND GLASSRATNER ADVISORY&
CAPITAL GROUP, LLC AS FORENSIC ACCOUNTANTS**

The Debtor, IPS Worldwide, LLC (the "Debtor"), pursuant to 11 U.S.C. §§328(a), 1103, Federal Rule of Bankruptcy Procedure 2014(a) and 2016, moves this Court for authority to employ GlassRatnerAdvisory & Capital Group LLC and Susan Smith ("GlassRatner"), as its Chief Restructuring Officer, financial advisor and forensic accountant in this case, and, in support thereof, respectfully states:

**JURISDICTION**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief sought herein are sections 328(a), 330, and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) and 2016(b).

**BACKGROUND**

3.     On January 25, 2019, the Debtor filed its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

4.     No trustee has been appointed, and the Debtor is administering its case as debtor-in-possession.

**REQUESTED RELIEF AND REASONS THEREFOR**

5.     The Debtor respectfully requests entry of an order pursuant to sections 328(a), 330, and 1103(a) of the Bankruptcy Code authorizing Susan Smith ("Smith") of GlassRatner (collectively, "GlassRatner") to become employed by the Debtor as Chief Restructuring Officer "(CRO") and for GlassRatner to perform forensic accountant and related services that will be necessary during this Chapter 11 case. The Debtor requires the services of an experienced financial advisor and forensic accountant such as Susan Smith and GlassRatner, effective February 11, 2019.

**A. Qualifications of Professionals**

6.     Smith and GlassRatner have significant qualifications and experience in providing the services contemplated herein. GlassRatner's practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing financial, business, and strategic assistance typically in distressed business settings. GlassRatner serves troubled companies, debtors, secured and unsecured creditors, equity holders, and other parties in both in-court and out-of-court engagements.  Smith has over twenty five years of providing accounting and FP&A assistance to distressed companies.

**B. Services to be Rendered**

7.     GlassRatner will provide such CRO, financial advisory and forensic accountant services to the Debtor and its legal advisors as deemed appropriate and necessary in order to advise the Debtor during the course of this Chapter 11 case. GlassRatner intends to communicate regularly with the principals of the Debtor and its legal advisors to ensure that the actual CRO and forensic accountant services performed are appropriate based on the status of the case and needs of the Debtor.

8. The services to be rendered by GlassRatner, which services may be subject to modification at the Debtor's request, are necessary to enable the Debtor to faithfully execute its statutory duties to unsecured creditors. The services to be provided by GlassRatner will be at the request and direction of the Debtor, so as to avoid duplicative efforts among the Debtor's professionals retained in this case. Subject to further order of this Court, the Debtor has requested that GlassRatner render the following CRO, financial advisory and forensic accounting services:

    a. Advise and assist the Debtor in its analysis and monitoring of the Debtor's historical, current and projected financial affairs, including, schedules of assets and liabilities and statement of financial affairs;

    b. Advise and assist the Debtor with respect to the use of cash including evaluation of the Debtor's proposed cash segregation protocol and monitoring thereof;

    c. Trace cash receipts and disbursements to the appropriate source/asset and advise the Debtor on issues related to the segregation of cash, including appropriate internal controls and accounting procedures;

    d. Review the Debtor's cash flow forecasts and underlying support and scrutinize cash receipts and disbursements on an on-going basis;

    e. Develop a periodic monitoring report to enable the Debtor to effectively evaluate the Debtor's performance and operating activities on an ongoing basis;

    f. Advise and assist the Debtor and counsel in reviewing and evaluating any court motions, applications, or other forms of relief filed or to be filed by the Debtor, or any other parties-in-interest;

    g. As needed, prepare alternative business projections relating to the

valuation of the Debtor's assets or business enterprise;

      h.      Develop strategies to maximize recoveries from the Debtor's assets and advise and assist the Debtor with respect to such strategies;

      i.      Analyze and monitor any prior, pending and future sale processes and transactions and assess the reasonableness of the process and the consideration received;

      j.      Monitor the Debtor's claims management process, analyze claims including guarantee claims, priority claims and potential deficiency claims and summarize claims by entity;

      k.      Advise and assist the other potential causes Debtor in identifying and/or reviewing any preference payments, fraudulent conveyances, and of action that the Debtor's estate may hold against insiders and/or third parties;

      l.      Analyze the Debtor's assets and analyze potential recoveries to creditor constituencies under various scenarios;

      m.      Review and provide analysis of any plan of reorganization or liquidation and disclosure statement relating to the Debtor including, if applicable, the development and analysis of any plan of reorganization or liquidation proposed by the Debtor;

      n.      Advise and assist the Debtor in its assessment of the Debtor's employee needs and related costs;

      o.      Attend Debtor meetings, court hearings, and auctions as may be required;

      p.      Assist the Debtor in the evaluation of the tax impact of any proposed transaction;

      q.      Render such other general business consulting or assistance as the

Debtor or its counsel may deem necessary, consistent with the role of a CRO or financial advisor; and

      r.      Perform other potential services, including: rendering expert testimony, issuing expert reports and or preparing litigation, valuation and forensic analyses that have not yet been identified but as may be requested from time to time by the Debtor and its counsel.

9.      GlassRatner will coordinate all tasks with the Debtor, and with the court appointed Examiner, if any, to achieve case efficiencies and avoid duplication of efforts. The Debtor believes it is necessary to retain GlassRatner as its financial advisor to render the foregoing professional services. In light of GlassRatner's substantial experience and expertise and the complex nature of the Debtor's business and financial affairs, the Debtor believes that GlassRatner is well qualified to serve as CRO and financial advisor at this time

10.      Notwithstanding anything in this Application to the contrary, GlassRatner shall (i) to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in this case, pass-through the cost of Contractors to the Debtor at the same rate that GlassRatner pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for GlassRatner; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

## C. Disinterestedness of Professionals

11.      Based solely upon and subject to the disclosures made in the Susan Smith Affidavit, to be filed following the filing of this Application, GlassRatner is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and the Debtor is satisfied that (i) GlassRatner represents no interest adverse to the Debtor, the Debtor, its estates, or any other party in interest in the matters upon which it is to be engaged and that its

employment is in the best interest of the estate; (ii) no employees, members, or contractors of GlassRatner have any financial interest or business with the Debtor; (iii) GlassRatner has no connection with the U.S Trustee for the Middle District of Florida or any other person employed in that office of the U.S.Trustee; and (iv) GlassRatner has no connection with the bankruptcy judge approving the employment of GlassRatner as the Debtor's financial advisor. GlassRatner has not provided,and will not provide, any professional services to the Debtor, any other creditors, other parties in interest, or its respective attorneys and accountants with regard to any matter related to this Chapter 11 case.

## D. Professional Compensation

12.    GlassRatner has advised the Debtor that it will charge its standard hourly rates for professional services rendered, plus reimbursement of actual and necessary expenses incurred by GlassRatner. The hourly rates charged by GlassRatner for the services provided by its personnel differ based upon, among other things, each professional's level of experience, geographic differentials, and types of services being provided. In the ordinary course of business, GlassRatner periodically revises its hourly rates to reflect promotions and other changes in personnel responsibilities, increases in experience, and increases in the cost of doing business.

13.    GlassRatner has advised the Debtor that its fees will be commensurate with the fees charged to its other clients and in other cases of this size (provided such clients are billed hourly). GlassRatner has also advised the Debtor that it intends to make application to the Court for allowance of its fees. GlassRatner's compensation for services rendered on behalf of the Debtor shall be fixed by the Court after due application herein. GlassRatner intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the

terms of any order establishing procedures for interim compensation that may be entered in this case.

14.  GlassRatner would be paid by the Debtor for the services of the CRO at $25,000 per month, payable in advance on the 1st day of each month until the execution date of a Plan of Reorganization. Additional GlassRatner staff would be paid by the Debtor at normal hourly billing rates which range from $450 per hour for a Principal to $135 per hour for an Associate. In addition, GlassRatner would be paid a retainer of $20,000 to be held in trust pending final fee applications. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the professionals and paraprofessionals who provide services to the Debtor.

15.  Consistent with the firm's policy with respect to its other clients, GlassRatner will charge for all other services provided and for other charges and disbursements incurred in rendering services to the Debtor.

16.  GlassRatner will also request compensation for any time and expenses (including, without limitation, reasonable legal fees and expenses) that may be incurred in considering or responding to discovery requests or other requests for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of GlassRatner's performance of these services.

17.  Regardless of the time and manner of interim compensation, GlassRatner understands that, subject to this Court's orders, GlassRatner will be required to follow the procedures for final allowance of fees at the end of the bankruptcy cases.

18.  No promises have been received by GlassRatner nor any member or employee

thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Except for internal agreements among the members, employees and independent contractors of GlassRatner regarding the sharing of revenue or compensation, neither GlassRatner nor any of its members, employees, or independent contractors has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Rule 2016.

**WHEREFORE**, the Debtor respectfully requests the entry of an order authorizing it to retain GlassRatner, *nunc pro tunc* to February 11, 2019 as its CRO, financial advisor and forensic accountant for the matters described in this application and for such other and further relief as is just and equitable.

Respectfully Submitted,

*/s/ Scott W. Spradley*
Scott W. Spradley
Florida Bar No.: 782467
Law Offices of Scott W. Spradley, P.A.
109 South 5th Street
P.O. Box 1
Flagler Beach, FL 32136
Tel: 386/693-4935
Fax: 386/693-4937
scott.spradley@flaglerbeachlaw.com
Attorneys for the Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 11, 2019, all interested parties were served by first class, U.S. mail, postage prepaid, or by electronic mail, including the following:

Audrey M. Aleskovsky
Office of the United States Trustee
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Audrey.m.aleskovsky@usdoj.gov

                                                  */s/ Scott W. Spradley*
                                                  Scott W. Spradley