## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

In re:

**IPS WORLDWIDE, LLC**

           **Debtor.**

_____/

**CASE NO.: 6:19-bk-00511-KSJ**

**CHAPTER 11**

**Emergency Relief Requested
(Hearing on Procedures Requested
for May 23, 2019 at 2:45 p.m.)**

### EMERGENCY MOTION FOR THE ENTRY OF AN ORDER (1) APPROVING COMPETITIVE BIDDING AND SALE PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) SCHEDULING DATES TO CONDUCT AUCTION AND HEARING TO CONSIDER FINAL APPROVAL OF SALE, INCLUDING THE TREATMENT OF EXECUTORY CONTRACTS, (3) APPROVING THE FORM AND MANNER OF NOTICES, (4) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (5) GRANTING RELATED RELIEF

**ALEX D. MOGLIA, Chapter 11 Trustee** ("Trustee"), on behalf of IPS WORLDWIDE, LLC (the "Debtor" or "IPS"), by and through its undersigned counsel, files this Emergency Motion pursuant to 11 U.S.C. §§105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 9014 and Local Rules 2002-1(C)(2) and 6004-1 for the entry of an Order (1) approving competitive bidding and sale procedures for the sale of substantially all of Debtor's assets, (2) scheduling dates to conduct auction and hearing to consider final approval of sale, including the treatment of executory contracts, (3) approving the form and manner of notices, (4) approving the sale of substantially all of the Debtor's assets free and clear of all liens, claims, encumbrances and interests, including if applicable the assumption and assignment of any executory contracts, and (5) granting related relief (the "Motion"). In support thereof, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

In order to maximize the value of its assets for the benefit of all stakeholders in this Chapter 11 case, the Trustee has made the decision to proceed with the sale of substantially all of Debtor's assets pursuant to Sections 363 and 365 of the Bankruptcy Code to the highest and best bidder. Since his appointment, the Trustee has been in discussions and negotiations with a number of parties who have expressed an interest in engaging in a transaction with the Trustee and/or acquiring the Debtor's assets. Despite such negotiations and level of interest, at this time, the Trustee has not yet finalized the terms of a transaction, including specifically a transaction that would enable the Trustee to present a stalking horse buyer to the Bankruptcy Court for approval in connection with the proposed bidding and sale procedures contained herein. Currently the highest letter of intent is from EM6 in the amount of $850,000. While the Trustee intends to continue to work towards an agreement for a stalking horse buyer and reserves the right to seek approval of a stalking horse transaction and related protections for a stalking horse buyer, the Trustee believes it is in the best interest of all stakeholders to proceed with an auction sale of the Debtor's assets at this time, with or without a stalking horse, so that a sale can be completed by the end of June 2019.

Pursuant to the relief requested herein, the Trustee proposes, among other things, to establish a deadline by which interested bidders are required to submit a Qualified Bid (as defined below) for all assets of IPS except cash, causes of action, instruments, promissory notes, mortgages, and insurance policies (the "Business"). If the Trustee receives more than one Qualified Bid, then the Trustee proposes to conduct an auction of the Business in order to obtain the highest and best bid for the Business.  Immediately thereafter, the Trustee proposes to present such highest and best bid to the Bankruptcy Court for approval of a sale of the Business under Sections 363 and 365 of the Bankruptcy Code, free and clear of all liens, claims, encumbrances and interests of any

kind. Upon approval of such bid by the Bankruptcy Court, the Debtor proposes to proceed promptly with the closing of such sale.

The Trustee submits that the sale of the Business pursuant to the procedures set forth herein is in the best interests of the Debtor, its creditors, its equity holders and the estate.

## LOCAL BANKRUPTCY RULE 6004-1 CONCISE STATEMENT

1.    Pursuant to Local Rule 6004-1, below is a summary of the relief requested herein by the Trustee.

- Identity of Purchaser. The Trustee has not entered into a stalking horse agreement with any prospective purchaser at this time, although the Trustee reserves the right to enter into a stalking horse agreement prior to the commencement of the Auction (as defined below). As a result, the purchaser will be the Qualified Bidder (as defined below) who submits the highest and best bid at the Auction (as defined below) to be held as outlined herein, which bid is subject to the approval of the Bankruptcy Court at the Sale Hearing (as defined below).

- The Sale Terms.

    i.    Sale Price: $850,000.

    ii.    Deposit: The greater of $100,000 or ten (10%) percent of proposed purchase price.

    iii.    Warranties: The sale is "as is, where is — with all faults," free and clear of any and all liens, claims, encumbrances and interests pursuant to Section 363(f) of the Bankruptcy Code.

    iv.    Closing Date: Within two (2) business days after the entry of the Sale Order (as defined below), but not later than June 30, 2019.

    v.    Closing Conditions: Entry of the Sale Order, which Sale Order will contain, among other things, a waiver of the 14-day stay provided for in Rule 6004(h), Federal Rules of Bankruptcy Procedure.

- Auction Terms:

    i.    Proposed Auction Date: June 13, 2018.

    ii.    Proposed Bid Deadline: June 6, 2019.

    iii.    Minimum Incremental Overbid: $50,000, subject to being increased or decreased in the Trustee's sole discretion at the Auction.

- Requirements of Qualified Bidders:

  ii. <u>Documentation requirements</u>: An executed asset purchase agreement in substantially the form proposed by Trustee (proposed form to be filed after procedures approved), a blacklined version of the executed asset purchase agreement showing changes from the Trustee's form attached hereto, including the identity of any executory contracts the bidder requires the Debtor to assume and assign, and evidence of sufficient financial wherewithal to consummate the transaction acceptable to the Debtor determined by the Debtor in its sole and absolute discretion.

- <u>Identity of all Known Putative Lienholders and Approximate Amount of Debt</u>:

  None.

- <u>Statement Regarding Dates for Hearings and Auction</u>. The Trustee is seeking a expedited hearing for the procedures in connection with the proposed sale of the Debtor's assets pursuant hereto. The Trustee is requesting a hearing on the procedures for May 23, 2019 and a hearing on the Sale for the week of June 17, 2019.

## BACKGROUND

1. On January 25, 2019, Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. On April 5, 2019, this Court entered an order granting the motions of the U. S. Trustee (Doc No. 227) and Creditor Stanley Black & Decker, Inc. (Doc No. 209) for appointment of a Chapter 11 Trustee in the Debtor case ("Trustee Order") (Doc No. 290). On April 5, 2019, this Court entered an order approving the appointment of Alex D. Moglia to serve as Chapter 11 Trustee of Debtor (Doc No. 291).

3. An examiner and creditors' committee have been appointed, in addition to the trustee.

4. The Debtor is a Florida limited liability company, formed in Ormond Beach, Florida in 1998 by its founder, William Davies. IPS operates as a freight audit and payment solutions business (the "Business"), with recent annual revenue of approximately $8 million. Debtor is headquartered at 265 Clyde Morris Boulevard, Suite 100, Ormond Beach, Florida, 32174, which is a leased premise.

5.     Based on the work of the examiner, it is clear that Debtor commingled most of its receipts and failed to pay substantial obligations owed to several significant vendors. Based on Debtor's actions, some customers ceased using Debtor's services including its largest customer, Stanley Black & Decker, Inc.

6.     Since his appointment, Trustee has stabilized the remaining operations and reduced expenses commensurate with the reduced revenue. Trustee has been largely successful in retaining customers; however, it has also become clear that prolonged operations greatly increases the chance of significant run off in additional business. As such, Trustee is seeking expedited relief as to the Sale procedures.

## SUMMARY OF RELIEF REQUESTED

7.     As set forth above, the Trustee intends to proceed with a formal process in order to obtain the highest and best price for the Business and thereafter consummate the sale of the Business to the highest and best bidder. By this Motion, the Trustee proposes to proceed as follows with regard to such process:

a.     Promptly after the filing of this Motion, the Trustee will seek an emergency hearing on the approval of the Bid Procedures described below.

b.     After approval of the Bid Procedures and subject to any requirements of the Bankruptcy Court, the Trustee proposes to conduct an Auction for the Business on June 13, 2019. Prior to such Auction, the Trustee will provide available information to potential purchasers who sign a confidentiality agreement with the Trustee in a form acceptable to the Trustee. The Trustee proposes a deadline of June 6, 2019 for interested bidders to submit their bids for the Business and to otherwise meet the requirements to become a Qualified Bidder as set forth herein.

c.     The Trustee is requesting that the Bankruptcy Court conduct a sale hearing the week of June 17 to approve the sale of the Business to the Qualified Bidder at the Auction who

submitted the highest and best bid for the Business, which determination will be made by the Trustee in his sole and absolute discretion, subject to ratification by the Bankruptcy Court.

8.      The Bid Procedures will also provide that the Trustee shall have the right, prior to the Bid Deadline, to enter into an agreement for an initial stalking horse bid for the Business, which bid will be subject to higher and better bids at the Auction. In connection therewith, the Bid Procedures shall also provide that the Trustee, in his sole discretion, be able to offer any stalking horse bidder a break-up fee and expense reimbursement in the aggregate amount of up to 2% of the proposed purchase price of the stalking horse bid without further approval of the Bankruptcy Court. In the event the Trustee elects to proceed with a stalking horse agreement, then the Trustee shall file a notice with the Bankruptcy Court setting forth the identity of the stalking horse bidder, together with a copy of the fully-executed stalking horse asset purchase agreement. In connection therewith, the Trustee also reserves the right to seek the approval of the Bankruptcy Court to modify any of the Bid Procedures proposed herein in order to accommodate or otherwise seek approval of such stalking horse bid and agreement.

## RELIEF REQUESTED

### A.      Approval of Bid Procedures and Terms of Sale

9.      In order to ensure that the maximum value is received for the Business, the Trustee proposes to proceed with an auction of the Business, subject to the Trustee 's right to agree to and advance a stalking horse agreement prior to the Bid Deadline (as defined below). The Trustee proposes to auction the Business to the highest and best bidder at the Auction (as defined below).

10.     Since his appointment, Trustee has worked diligently to expose the Business to the market, including by contacting various parties whom the Trustee believes have the wherewithal to consummate a transaction with the Trustee. The Trustee has also been contacted by several parties who have expressed an interest in acquiring the Business. As a result of such efforts, the Trustee has developed a list of potential purchasers for the Business, has entered into

confidentiality agreements with several of such potential purchasers, has provided a substantial amount of due diligence to such potential purchasers and reasonably believes that many of such potential purchasers have the financial ability to consummate the proposed purchase of the Business. The Trustee intends to provide notice of this Motion and the Bid Procedures to all such parties so as to maximize the submission of bids for the Business.

11.     Pursuant to and as a result of the above efforts, as well as the publicity garnered about this chapter 11 case in the press, the Trustee believes that the Business and the opportunity to acquire the Business has been widely advertised. Notwithstanding, the Trustee intends to continue to make efforts to expose the Business to other potential purchasers and to work with any interested party to enable them to develop a proposal to acquire the Business and to submit a Qualified Bid pursuant to the terms hereof.

12.     The Trustee seeks to adopt the bid and sale procedures outlined below in order to foster competitive bidding among potential buyers, without eliminating or discouraging any qualifying bids.

13.     In connection therewith, the Trustee requests that the Bankruptcy Court approve the following bidding and sale procedures, which the Trustee believes are likely to maximize the realizable value of the Business (the "Bid Procedures"):

    a.     Qualified Bid/Participation Requirements: In order to be considered a Qualified Bid, a bid must be submitted no later than 5:00 p.m., prevailing Orlando, Florida time, on June 6, 2019, which is one week prior to the scheduled auction of the Business as outlined below (the "Bid Deadline") and must comply with the following requirements:

        i.     Good Faith Deposit: Each bid must be accompanied by a deposit in the amount of the greater of (i) $100,000 or (ii) ten (10%) percent of the purchase price for the Business proposed by such bidder into the trust account of Latham, Shuker, Eden & Beaudine, LLP,

        ii.     Form of Bid: Each bid must include (i) a fully executed asset purchase agreement substantially in the form of the agreement to be filed with the Court after approval of the procedures (the

effectiveness of such APA being contingent only upon the Qualified Bidder becoming the Successful Bidder for the Business pursuant to these Bid Procedures and the entry of the Sale Order (as defined below) by the Bankruptcy Court), and (ii) a blacklined version of the APA to show any changes made by such bidder, including the identity of any executory contracts the bidder requires the Trustee to assume and assign,

iii.    <u>Corporate Authority</u>: Each bid must include written evidence acceptable to the Debtor in its sole discretion demonstrating the appropriate corporate authorization of the proposed bidder to consummate the purchase of the Business.

iv.    <u>Identification of Bidder and Bidder's Good Faith</u>: Each Bid must include an affidavit under penalty of perjury from a corporate officer of the proposed bidder identifying (i) the corporate structure of the proposed bidder, (ii) the identity of the officers, directors, managers, members and equity holders of the proposed bidder, (iii) disclosing any relationship between any of such parties and the Debtor or any or the Debtor's direct or indirect owners **or the Trustee**, and (iv) disclosing any relationship between any of such parties and any other interested bidder and its principals.

v.    <u>Proof of Financial Wherewithal</u>: Each bid must include written evidence, which in the sole and absolute discretion of the Trustee, establishes that the bidder has the financial ability to consummate the purchase of the Business should such bidder submit the highest and best bid. The bidder's financial ability to consummate the transaction shall include evidence related to the initial purchase price as well as any increased purchase price that such bidder submits in connection with the Auction. If so requested, the Trustee agrees to keep such information confidential, provided however that in the event of a dispute related to such financial wherewithal, the Trustee reserves the right to disclose such financial wherewithal to the Bankruptcy Court in connection with any such dispute.

vi.    <u>No Conditions or Contingencies</u>: A bid may not contain any financing contingencies, due diligence contingencies or conditions, be subject to any internal corporate or other approvals, or be subject to any other conditions or contingencies to the consummation of the transaction for the purchase of the Business other than being selected as the Successful Bidder (or Back Up Bidder)(each as defined below) and the entry of the Sale Order.

vii.    <u>Irrevocable</u>: A bid must be irrevocable through the completion of the Auction, provided that if such bid is accepted as the Successful Bid or, if applicable, a Back Up Bid (as defined below) at the Auction, then each such bid shall remain irrevocable as set forth below.

viii.    Notification of Qualified Bid: The Trustee shall use its best efforts to review all bids submitted by the Bid Deadline and prior to 5:00 p.m., prevailing Orlando, Florida time on June 11, 2019, notify each bidder whether their bid constitutes a Qualified Bid for purposes of the Auction. Only bidders who submit Qualified Bids, and their authorized representative(s), will be allowed to attend and participate in the Auction. A bidder who submits a Qualified Bid shall be referred to as a Qualified Bidder.

b.    Auction: In the event the Trustee receives more than one timely Qualified Bid by the Bid Deadline, then the Trustee will conduct an auction (the "Auction"). The Auction shall take place at the offices of Latham, Shuker, Eden & Beaudine, LLP, 111 North Magnolia Avenue, Suite 1400, Orlando, Florida 32801, on June 13, 2019, beginning at 10:00 a.m. prevailing Orlando, Florida time, or such other time or place as the Trustee shall notify all Qualified Bidders. In the event the Trustee receives only one Qualified Bid by the Bid Deadline, then the Trustee will cancel the Auction and will, in the exercise of its best business judgment, decide whether to advance such Qualified Bid to the Bankruptcy Court for approval at the Sale Hearing.

c.    Auction Procedures: The Trustee and its professionals shall direct and preside over the Auction. At the commencement of the Auction, the Trustee will identify the Qualified Bid which is the highest and best bid received prior to the Bid Deadline and such Qualified Bid shall serve as the opening bid. All Qualified Bidders shall be entitled to make any subsequent bids in increments of $50,000 (a "Subsequent Bid"). Bidding at the Auction shall continue until such time as the highest and best-offer from a Qualified Bidder is received for the Business as determined by the Trustee in the exercise of its sole and absolute business judgment (the "Successful Bid"). The Qualified Bidder who submits the Successful Bid at the Auction shall be required to keep such Successful Bid open and irrevocable through the Sale Hearing and then through July 18 2019. The Trustee reserves the right to modify the bidding increments or announce at the Auction additional procedural rules for conducting the Auction in its sole and absolute business judgment.

d.    <u>Back Up Bids</u>: The Qualified Bidder who submits the next highest or otherwise best Qualified Bid at the Auction as determined by the Trustee in its sole and absolute discretion will be designated as a back-up bidder (the "Back Up Bidder"). The Qualified Bid submitted by the Back Up Bidder shall be the "Back Up Bid." The Back Up Bidder shall be required to keep its Qualified Bid and any increased bid at the Auction open and irrevocable until the earlier of (i) forty-five (45) days after the entry of the Sale Order, or (ii) the date of the closing of the transaction with the Successful Bidder.

e.    <u>Successful Bid</u>: After the conclusion of the Auction, the Trustee shall submit the Successful Bid for approval by the Bankruptcy Court at a hearing to be held by at the United States Bankruptcy Court, 400 W. Washington, Street, 6th Floor, Courtroom 6A, Orlando, Florida 32801 (the "Sale Hearing"). The Qualified Bidder who has the Successful Bid presented for approval to the Court shall be referred to as the "Successful Bidder." The closing of the transaction (the "Closing") shall take place promptly after entry of the Sale Order, but in no event later than July 18, 2019 (the "Closing Date") provided that the Sale Order waives the 14 day stay pursuant to Fed. R. Bankr. P. 6004(h).

f.    The Successful Bidder must be prepared to, and must in fact, consummate the purchase of the Business in accordance with the APA. Upon the failure of the Successful Bidder to consummate the closing of the purchase of the Business because of a breach or failure on the part of the Successful Bidder prior to July 18, 2019, then the Trustee may elect in its business judgment to close with the Back Up Bidder. At the Sale Hearing, the Trustee intends to seek approval from the Bankruptcy Court for the Back Up Bid, which approval shall authorize the Trustee to consummate the Back Up Bid immediately after the failure the Successful Bidder to close or a default under the Successful Bid prior to July 18, 2019, without further order of the Bankruptcy Court. Promptly following the conclusion of the Sale Hearing, the Trustee shall return the deposits to each unsuccessful Qualified Bidder (except the Back Up Bidder whose deposit shall

either be returned upon the closing of the sale to the Successful Bidder or applied to the purchase price in a closing with such Back Up Bidder).

> g.    As is/where is: The Business will be sold in its "as is", "where is" condition and with all faults, with no guarantees or warranties, express or implied. The Business will be sold free and clear of any and all liens, claims, encumbrances and interests pursuant to Section 363(f) of the Bankruptcy Code.

> h.    Broker's Commissions: The Debtor's bankruptcy estate shall not be liable for any broker's commissions.

> i.    Sale Hearing: The Trustee requests that a final Sale Hearing be scheduled for no later than the week of June 17, 2019.

14.    The Trustee reserves the right in the exercise of his business judgment to (i) determine which bidders are Qualified Bidders, (ii) determine which bids are Qualified Bids, (iii) determine which Qualified Bid is the Successful Bid and Back Up Bid as applicable, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the Bid Procedures or the Bankruptcy Code, or (c) contrary to the best interests of the Trustee, the Debtor, or the estate, (v) waive any of the terms or conditions contained herein with respect to any or all of the potential bidders, impose additional terms and conditions with respect to all potential bidders, (vi) extend the deadlines set forth herein, (vii) continue or cancel the Auction or the Sale Hearing in open court without further notice, and (viii) modify the Bid Procedures as it may determine to be in the best interest of the estate.

**B.    Form and Manner of Notice of Bid Procedures and Sale Hearing**

15.    Subject to Bankruptcy Court approval, the Sale Hearing shall be held following the date of the Auction, but in no event later than June 30, 2019.

16.    Objections, if any, to the relief requested in the Motion in respect of the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction

must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 W. Washington Street, Suite 5100, Orlando, FL 33801 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Eastern time) two business days before the Sale Hearing (the "Objection Deadline"), and (iv) served on (a) counsel to the Trustee (R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL 32801), and (b) counsel to the Creditors' Committee in each case so as to be actually received no later than 4:00 p.m. (prevailing Orlando, Florida time) on the same day.

17.    On or before three (3) business days after the entry of the Order, in substantially the form attached hereto **as Exhibit "A"** (the "Bid Procedures Order"), the Trustee will cause the Bid Procedures, substantially in the form attached as Exhibit 1 to the Bid Procedures Order, as well as a notice, substantially in the form attached as Exhibit 2 to the Bid Procedures Order (the "Auction and Sale Notice"), to be sent first class mail postage prepaid to the following: (i) all creditors or their counsel known to the Trustee to assert a lien (including a security interest), claim, right, interest or encumbrance or record against all or any portion of the Business, (ii) the Office of the United States Trustee, (iii) all applicable federal, state and local taxing and regulatory authorities having or asserting jurisdiction over the Debtor or recording offices or any other governmental authorities that, as a result of the Sale, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Business or have any known interest in the relief requested by this Motion, (iv) the United States Attorney's office for the Middle District of Florida, (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002, (vi) all parties to any litigation involving the Debtor, (vii) all other known creditors and interest holders of the Debtor, including without limitation, all creditors listed in the Debtor's schedules, and (viii) all potential bidders previously identified or otherwise known to the Trustee.

### C. Sale of Business Free and Clear of Liens, Claims, Encumbrances and Interests.

18.     The Trustee seeks to sell the Business to the highest and best bidder following the Auction, free and clear of liens, claims, encumbrances and interests pursuant to Sections 363(b) and (f) of the Bankruptcy Code. If and to the extent a Qualified Bid requires the Debtor to assume and assign any executory contracts, then the Trustee will also seek to approve the assumption and assignment of any such executory contracts, including the determination of any cure costs in connection therewith, pursuant to Section 365 of the Bankruptcy Code. The Trustee reserves the right to file a separate motion seeking to assume and assign any such executory contracts as applicable.

19.     Property of the bankruptcy estate may be sold outside the ordinary course of business. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Courts interpreting Section 363(b)(1) of the Bankruptcy Code have held that transactions should be approved when (a) they are supported by the sound business judgment of the debtor's management, (b) interested parties are provided with adequate and reasonable notice, (c) the sale price is fair and reasonable, and (d) the purchaser is acting in good faith. See e.g., In re Delaware & Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991); In re Phoenix Steel Corp., 82 B.R. 334 (D. Del. 1987). In the present case, the Debtor asserts that each such factor is or will be satisfied prior to the Sale Hearing.

20.     The Trustee has concluded in the exercise of his business judgment that the sale of the Business will maximize the value of the Debtor's estate for all of its stakeholders. All parties in interest will receive adequate and reasonable notice of the proposed sale pursuant to this Motion. The Bid Procedures proposed by the Trustee herein are designed to achieve a fair and reasonable sale price. Lastly, the Trustee anticipates that the ultimate purchaser of the Business will be acting in good faith, and the Trustee intends to take any and all necessary action to insure such good faith.

21.     Section 363(f) of the Bankruptcy Code authorizes the Trustee to sell property of the estate free and clear of any liens, claims, encumbrances or interests of an entity if: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in bona fide dispute, or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. The language of Section 363(f) is in the disjunctive, so that a sale free and clear can be approved if any of the aforementioned conditions is met. *In re Heine*, 141 B.R. 185, 189 (Bankr. D.S.D. 1992); *In. re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988).

22.     In the present case, the Trustee is unaware of any lien claim and, thus, the Trustee asserts the Sale satisfied Section 363(f)(3).

**D.     Waiver of Stay Period Pursuant to Fed. R. Bankr. P. 6004(h)**

23.     The Trustee believes that the closing of the sale of the Business needs to occur expeditiously given that long term management is critical to maintaining existing customers. As a result, the Trustee requests that the Court include in the Sale Order a provision waiving the 14-day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure and providing that the sale may be consummated immediately after entry of the Sale Order.

**E.     Scheduling Final Hearing on Sale Motion**

24.     The Trustee requests that the Court set a final hearing on the approval of the sale, which the Trustee requests be not later than the week of June 17, 2019.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order in substantially the form of the Bid Procedures Order attached as **Exhibit "A"** hereto (1) approving competitive bidding and sale procedures for the sale of substantially all of Debtor's assets, (2) scheduling dates to conduct auction and hearing to consider final approval of sale, including the treatment of executory contracts, (3) approving the form and manner of notices, (4) approving the

sale of substantially all of the Debtor's assets free and clear of all liens, claims, encumbrances and interests, (5) granting related relief, and (6) granting such other and further relief as is proper.

Respectfully submitted on May 17, 2019.

/s/ R. Scott Shuker, Esq.
R. Scott Shuker, Esq.
Florida Bar No. 984469
rshuker@lseblaw.com
bknotice1@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
Telephone:  407-481-5800
Facsimile:  407-481-5801
*Attorneys for the Trustee*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

In re:                                              **CASE NO.: 6:19-bk-00511-KSJ**

**IPS WORLDWIDE, LLC**                              **CHAPTER 11**

Debtor.
_____/

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 17, 2019, a true and correct copy of the **EMERGENCY MOTION FOR THE ENTRY OF AN ORDER (1) APPROVING COMPETITIVE BIDDING AND SALE PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) SCHEDULING DATES TO CONDUCT AUCTION AND HEARING TO CONSIDER FINAL APPROVAL OF SALE, INCLUDING THE TREATMENT OF EXECUTORY CONTRACTS, (3) APPROVING THE FORM AND MANNER OF NOTICES, (4) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (5) GRANTING RELATED RELIEF** was furnished electronically via the Court's CM/ECF system and/or via FedEx Overnight to all parties who have requested notice in this case, including: IPS Worldwide, LLC, c/o Scott W. Spradley, Esq., Law Offices of Scott W. Spradley, P.A., 109 S. 5th Street, Flagler Beach, Florida 32136, scott@flaglerbeachlaw.com; Stanley Black & Decker, Inc., c/o Danielle S. Kemp, Bank of America Plaza, 101 E. Kennedy Blvd., Suite 1900, Tampa, Florida 33602-5148, kempd@gtlaw.com, and Mark D. Bloom, Esq., 333 SE 2nd Avenue, Miami, Florida 33131, bloomm@gtlaw.com; Resource Logistics Group, Inc., c/o Kenneth G.M. Mather, 401 E. Jackson Street, Suite 2500, Tampa, Florida 33602, kmather@gunster.com; tkennedy@gunster.com; mgreen@gunster.com, viastorza@gunster.com; Integrated Supply Network, LLC, c/o Rhys P. Leonard and Stephanie Lieb, 101 East Kennedy Boulevard, Suite 2700, Tampa, Florida, rleonard@trenam.com; slieb@trenam.com; XPO Logistics, Inc., c/o Leanne Prendergast, 12620 Beach Blvd., Suite 3 #126, Jacksonville, Florida 32246, Leanne.prendergast@fisherbroyles.com; NuVasive, Inc., 100 North Tampa Street, Suite 2200, Tampa, Florida 33602, erice@bradley.com; Counsel for Creditors Committee, Rafael X. Zahralddin-Aravena, Esq., Elliott Greenleaf, 1105 N Market Street, Suite 1700, Wilmington, DE 19801, rxza@elliotgreenleaf.com; Eric M. Sutty, Elliot Greenleaf, P.C., 1105 N. Market Street, Suite 1700, Wilmington, DE 19801, ems@elliotgreenleaf.com; and Bradley M. Saxton, Esq. and Ryan E. Davis, Esq., Winderweedle, Haines, Ward & Woodman, PA, 329 Park Avenue North, 2nd Floor, Winter Park, FL 32789, bsaxton@whww.com; rdavis@whww.com; Audrey M. Aleskovsky and Charles R. Sterbach, Office of the United States Trustee, 400 W. Washington Street, Suite 1100, Orlando, FL 32801, audrey.m.aleskovsky@usdoj.gov; Charles.r.sterbach@usdoj.gov; and to all creditors and parties-in-interest matrix, as shown on the attached matrix.

/s/R. Scott Shuker, Esq.
R. Scott Shuker, Esq.

16

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                    CASE NO.: 6:19-bk-00511-KSJ

IPS WORLDWIDE, LLC                        CHAPTER 11

            Debtor.

_____/

ORDER (1) APPROVING COMPETITIVE BIDDING AND SALE PROCEDURES FOR
THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) SCHEDULING
DATES TO CONDUCT AUCTION AND HEARING TO CONSIDER FINAL
APPROVAL OF SALE, INCLUDING THE TREATMENT OF EXECUTORY
CONTRACTS, (3) APPROVING THE FORM AND MANNER OF NOTICES,
(4) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND
INTERESTS, AND (5) GRANTING RELATED RELIEF

THIS CASE came before the Court on _____ at _____ a.m. in

Orlando, Florida upon the Motion pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr.

P. 2002, 6004 and 9014 and Local Rules 2002-1(C)(2) and 6004-1 for the entry of an Order

(1) approving competitive bidding and sale procedures for the sale of substantially all of Debtor's

assets, (2) scheduling dates to conduct auction and hearing to consider final approval of sale,

including treatment of executory contracts, (3) approving the form and manner of notices, (4)

approving the sale of substantially all of the Debtor's assets free and clear of all liens,  claims,

EXHIBIT "A'

encumbrances and interests, including if applicable the assumption and assignment of any executory contracts, and (5) granting related relief (the "Motion") [Doc No. _____], filed by **ALEX D. MOGLIA, CHAPTER 11 TRUSTEE** ("Trustee") of **IPS WORLDWIDE, LLC** (the "Debtor"). Having reviewed the Motion, the record in this case, the statements of counsel for the Trustee and other parties-in-interest at the above hearing, the Court finds that good cause exists to grant the relief set forth herein and that such relief, including the Bid Procedures proposed in connection with the proposed sale of the Business (as defined in the Motion), is in the best interests of the Debtor's estate and all of its stakeholders. Accordingly,

**THE COURT FINDS AND DETERMINES AS FOLLOWS:**

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014;

B.     The Court has jurisdiction over the Motion and the transaction contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (0). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409;

C.     The statutory bases for the relief requested in the Motion are (i) §§ 105, 363 and 365 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and (ii) Bankruptcy Rules 2002(a)(2), 6004 and 9014 and (iii) Rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules");

D.     Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing. A reasonable opportunity to object or be heard regarding the

relief provided herein has been afforded to all creditors, equity holders and other parties-in-interest;

E.      The Trustee's proposed notice of the Bid Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of substantially all of the Debtor's Business free and clear of any and all liens, claims, encumbrances and interests, and the Bid Procedures to be employed in connection therewith;

F.      The Trustee articulated good and sufficient reasons for the Court to: (i) approve the Bid Procedures, (ii) approve the sale of the Business free and clear of all liens, claims, encumbrances and interests pursuant to § 363 of the Bankruptcy Code, (iii) approve the Break-Up Fee, and (iv) schedule the Auction and the Sale Hearing, approve the manner of notice of the Motion and the Sale Hearing, and set the Objection Deadline (as defined below);

G.      The entry of this Bid Procedures Order is in the best interests of the Trustee, the Debtor, its estate, its creditors, equity holders and other parties-in-interest; and

H.      The Bid Procedures are reasonably designed to maximize the value to be achieved for the Business.

**IT IS THEREFORE ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Except as otherwise provided in this order, all objections to the Motion (whether asserted or not), are overruled except as set forth herein.

3.      The Bid Procedures attached hereto as Exhibit 1 are hereby incorporated herein and are approved in their entirety. The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

4.      As further described in the Bid Procedures, the deadline for submitting bids for the Business (the "Bid Deadline") is June 6, 2019 at 5:00 p.m. (prevailing Orlando, Florida time). No

3

Bid shall be deemed to be a Qualified Bid (as defined in the Motion) or otherwise considered for any purposes unless such Bid meets the requirements set forth in the Bid Procedures.

5.    If Qualified Bids are timely received by the Trustee in accordance with the Bid Procedures, then the Trustee shall conduct an Auction on June 13, 2019 at 10:00 a.m. (prevailing Orlando, Florida time) at the offices of Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, Florida 332801, or such other place and time as the Trustee shall notify all Qualified Bidders and other invitees. The Auction shall be conducted in accordance with the Bid Procedures.

6.    The Sale Hearing shall be held before the Court on _____, 2019 at _____ a.m. (prevailing Orlando, Florida time), at the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 W. Washington Street, 6th Floor, Courtroom 6A, Orlando, Florida 32801.

7.    Objections, if any, to the relief requested in the Motion solely with respect to the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Orlando, Florida time) two business days before the Sale Hearing (the "Objection Deadline"), and (iv) served upon (a) counsel to the Trustee (R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL  32801), (b) counsel to the Creditors' Committee, and (c) the Office of the United States Trustee, so as to be actually received no later than 4:00 p.m. (prevailing Orlando, Florida time) on the same day.

8.      The notice of sale, substantially in the form attached hereto as Exhibit 2 (the "Sale Notice"), is hereby approved.

9.      On or before three (3) business days after the entry of the Order, the Trustee will cause the Bid Procedures, substantially in the form attached as **Exhibit 1** hereto, as well as a notice, substantially in the form attached as **Exhibit 2** hereto (the "Auction and Sale Notice"), to be sent first class mail postage prepaid to the following: (i) all creditors or their counsel known to the Trustee  to assert a lien (including a security interest), claim, right, interest or encumbrance or record against all or any portion of the Business, (ii) the Office of the United States Trustee, (iii) all applicable federal, state and local taxing and regulatory authorities having or asserting jurisdiction over the Debtor or recording offices or any other governmental authorities that, as a result of the Sale, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Business or have any known interest in the relief requested by this Motion, (iv) the United States Attorney's office for the Middle District of Florida, (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002, (vi) all parties to any litigation involving the Debtor, (vii) all other known creditors and interest holders of the Debtor, including without limitation, all creditors listed in the Debtor's schedules, and (viii) all potential bidders previously identified or otherwise known to the Trustee.

10.      Copies of exhibits to the Motion may be obtained by request in writing, by telephone, or via email from counsel to the Trustee: R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL  32801, Tel. 407-481-5800; e-mail at rshuker@lseblaw.com. In addition, copies of the afore-mentioned may be found on the Pacer website, http://ecf.flmb.uscourts.gov.

11.     The Sale Hearing may be continued, from time to time, without further notice to creditors, equity holders or other parties in interest other than by announcement of said continuance before the Court on the date scheduled for such hearing.

12.     If an Auction is conducted and a Successful Bid is selected and advanced to the Court at the Sale Hearing, then the party with the next highest and best Qualified Bid, as determined by the Trustee in the exercise of his reasonable business judgment, will be designated as the back up bidder (the "Back Up Bidder").

13.     The Trustee further reserves the right as it may determine to be in the best interests of the Debtor's estate, to (i) determine which bidders are Qualified Bidders, (ii) determine which bids are Qualified Bids, (iii) determine which Qualified Bid is the Successful Bid and Back Up Bid as applicable, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the Bid Procedures or the Bankruptcy Code, or (c) contrary to the best interests of the Debtor or the estate, (v) waive any of the terms or conditions contained herein with respect to any or all of the potential bidders, impose additional terms and conditions with respect to all potential bidders, (vi) extend the deadlines set forth herein, (vii) continue or cancel the Auction or the Sale Hearing in open court without further notice, and (viii) modify the Bid Procedures as it may determine to be in the best interest of the estate.

14.     To the extent that any chapter 11 plan confirmed in this case or any order confirming any such plan or any other order in this case (including any order entered after any conversion of this case to a case under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Bid Procedures Order, the provisions of this Bid Procedures Order shall control. The Trustee's obligations under this Bid Procedures Order, the provisions of this Bid Procedures Order shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Trustee, the Debtor, and the reorganized or

reconstituted debtor, as the case may be, after the effective date of a confirmed plan or plans in the Debtor's case (including any order entered after any conversion of this case to a case under chapter 7 of the Bankruptcy Code).

15.    Subject to the approval of the Successful Bid and the Back-Up Bid (as applicable) by the Court at the Sale Hearing, the Trustee is authorized to sell the Business free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. §§ 363 (f)(2), (4) and (5), with all such liens, claims, encumbrances and interests to attach to the proceeds of such sale to the same extent, validity and priority as respectively existed in the Business as of the Petition Date.

16.    The stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Bid Procedures Order shall be effective immediately upon its entry.

17.    All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.    The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Bid Procedures Order in accordance with the Motion.

19.    The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bid Procedures Order.

####

Attorney R. Scott Shuker, Esq. is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

**EXHIBIT 1 to the Bid Procedures Order**

**(Bid Procedures)**

## BID PROCEDURES

By the Motion, dated May 17, 2019 [Doc No. _____], Alex D. Moglia, as Chapter 11 Trustee (the "Trustee") of IPS Worldwide, LLC (the "Debtor"), sought approval of the Bid Procedures through which the Trustee will proceed to sell substantially all of the Debtor's assets, excluding cash, causes of action, instruments, promissory notes, mortgages, and insurance policies (the "Business") to the highest and best bidder.

On May ____, 2019, the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") entered an order (the "Bid Procedures Order"), which, among other things, granted the Motion and authorized the Trustee to proceed with the sale of the Business for the highest and best price through the process and procedures set forth below (the "Bid Procedures").

### Auction Qualification Process

To be eligible to participate in the Auction (defined below), each offer, solicitation or proposal (each, a "Bid"), and each party submitting such a Bid (each, a "Bidder"), must be determined by the Debtor to satisfy each of the following conditions:

**Qualified Bid/Participation Requirements**:  In order to be considered a Qualified Bid, a bid must be submitted no later than 5:00 p.m. (prevailing Miami, Florida time) on June 6, 2019, which is five (5) days prior to the scheduled auction of the Business as outlined below (the "Bid Deadline") and must comply with the following requirements:

- **Minimum Purchase Price**: $850,000

- **Good Faith Deposit**: Each bid must be accompanied by a deposit in the amount of $100,000.00 or 10% of the Bid amount, whichever is greater, for the Business proposed by such bidder into the trust account of Latham, Shuker, Eden & Beaudine, LLP.

- **Form of Bid**: Each bid must include (i) a fully executed asset purchase agreement substantially in the form of agreement which was filed by the Trustee on May ____, 2019 (Doc No. _____) (the "APA") (the effectiveness of such asset purchase agreement being contingent only upon the Qualified Bidder becoming the Successful Bidder for the Business pursuant to these Bid Procedures and the entry of the Sale Order (as defined below) by the Bankruptcy Court), and (ii) a blacklined version of the APA to show any changes made by such bidder, including the identity of any executory contracts the bidder requires the Debtor to assume and assign.

- **Corporate Authority**: Each bid must include written evidence acceptable to the Trustee in his sole discretion demonstrating the appropriate corporate authorization of the proposed bidder to consummate the purchase of the Business.

- **Identification of Bidder and Bidder's Good Faith**: Each Bid must include an affidavit under penalty of perjury from a corporate officer of the proposed bidder (i) identifying the corporate structure of the proposed bidder, (ii) identifying the officers, directors, managers, members and equity holders of the proposed bidder, (iii) disclosing any relationship between any of such parties and the Debtor or any or the Debtor's direct or indirect owners, and (iv) disclosing any relationship between any of such parties and any other interested bidder and its principals.

- **Proof of Financial Wherewithal**: Each bid must include written evidence which in the sole and absolute discretion of the Trustee establishes that the bidder has the financial ability to consummate the purchase of the Business should such bidder submit the highest and best bid. The bidder's financial ability to consummate the transaction shall include evidence related to the initial purchase price as well as any increased purchase price that such bidder submits in connection with the Auction. If so requested, the Trustee agrees to

3

keep such information confidential, provided however that in the event of a dispute related to such financial wherewithal, the Trustee reserves the right to disclose such financial wherewithal to the Bankruptcy Court in connection with any such dispute.

- **No Conditions or Contingencies**: A bid may not contain any financing contingencies, due diligence contingencies or conditions, be subject to any internal corporate or other approvals, or be subject to any other conditions or contingencies to the consummation of the transaction for the purchase of the Business other than the entry of the Sale Order.

- **Irrevocable**: A bid must be irrevocable through the completion of the Auction, provided that if such bid is accepted as the Successful Bid or, if applicable, a Back Up Bid (as defined below) at the Auction, then each such bid shall remain irrevocable as set forth below.

- **Notification of Qualified Bid**: The Debtor shall use its best efforts to review all bids submitted by the Bid Deadline and prior to 5:00 p.m. on June 11, 2019 notify each bidder whether their bid constitutes a Qualified Bid for purposes of the Auction. Only bidders who submit Qualified Bids, and their authorized representative(s), will be allowed to attend and participate in the Auction. A bidder who submits a Qualified Bid shall be referred to as a Qualified Bidder.

- **Auction**: In the event the Debtor receives more than one timely Qualified Bid by the Bid Deadline, then the Debtor will conduct an auction (the "Auction"). The Auction shall take place at the offices of Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, Florida 32801, on June 13, 2019, beginning at 10:00 a.m. eastern, or such other time or place as the Debtor shall notify all Qualified Bidders. In the event the Trustee receives only one Qualified Bid by the Bid Deadline, then the Trustee will cancel the Auction and will, in the exercise of his best business judgment, decide whether to advance such Qualified Bid to the Bankruptcy Court for approval at the Sale Hearing.

- **Auction Procedures**: The Trustee and his professionals shall direct and preside over the Auction. At the commencement of the Auction, the Debtor will identify the Qualified Bid which is the highest and best bid received prior to the Bid Deadline and such Qualified Bid shall serve as the opening bid. All Qualified Bidders shall be entitled to make any subsequent bids in increments of $50,000 (a "Subsequent Bid"). Bidding at the Auction shall continue until such time as the highest and best offer from a Qualified Bidder is received for the Business as determined by the Trustee in the exercise of his sole and absolute business judgment (the "Successful Bid"). The Qualified Bidder who submits the Successful Bid at the Auction shall be required to keep such Successful Bid open and irrevocable through the Sale Hearing and then through July 30, 2019. The Trustee reserves the right to modify the bidding increments or announce at the Auction additional procedural rules for conducting the Auction in its sole and absolute business judgment.

- **Back Up Bids**: The Qualified Bidder who submits the next highest or otherwise best Qualified Bid at the Auction as determined by the Trustee in his sole and absolute discretion will be designated as a back up bidder (the "Back Up Bidder"). The Qualified Bid submitted by the Back Up Bidder shall be the "Back Up Bid." The Back Up Bidder shall be required to keep its Qualified Bid and any increased bid at the Auction open and irrevocable until the earlier of (i) forty-five (45) days after the entry of the Sale Order, or (ii) the date of the closing of the transaction with the Successful Bidder.

- **Successful Bid**: After the conclusion of the Auction, the Trustee shall submit the Successful Bid for approval by the Bankruptcy Court at a hearing to be held on June ____, 2019 at 10:00 a.m. at the United States Bankruptcy Court, 400 W. Washington Street, 6th Floor, Courtroom 6A, Orlando, Florida 32801 (the "Sale Hearing"). The Qualified Bidder who has the Successful Bid presented for approval to the Court shall be referred to as the

5

"Successful Bidder." The closing of the transaction (the "Closing") shall take place promptly after entry of the Sale Order, but in no event later than June 30, 2019 (the "Closing Date") provided that the Sale Order waives the 14-day stay pursuant to Fed. R. Bankr. P. 6004(h).

- The Successful Bidder must be prepared to, and must in fact, consummate the purchase of the Business in accordance with its asset purchase agreement. Upon the failure of the Successful Bidder to consummate the closing of the purchase of the Business because of a breach or failure on the part of the Successful Bidder prior to June 30, 2019, then the Trustee may elect in his business judgment to close with the Back Up Bidder. At the Sale Hearing, the Trustee intends to seek approval from the Bankruptcy Court for the Back Up Bid, which approval shall authorize the Trustee to consummate the Back Up Bid immediately after the failure the Successful Bidder to close or a default under the Successful Bid prior to June 30, 2019 without further order of the Bankruptcy Court. Promptly following the conclusion of the Sale Hearing, the Debtor shall return the deposits to each unsuccessful Qualified Bidder (except the Back Up Bidder whose deposit shall either be returned upon the closing of the sale to the Successful Bidder or applied to the purchase price in a closing with such Back Up Bidder).

- **As is/where is**: The Business will be sold in its "as is", "where is" condition and with all faults, with no guarantees or warranties, express or implied. The Business will be sold free and clear of any and all liens, claims, encumbrances and interests pursuant to § 363(f) of the Bankruptcy Code.

- **Broker's Commissions**: The Debtor's bankruptcy estate shall not be liable for any broker's commissions.

6

**EXHIBIT 2 to the Bid Procedures Order**

**(SALE NOTICE)**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

In re:

Case No.: 6:19-bk-00511-KSJ

**IPS WORLDWIDE, LLC**

Chapter 11

      Debtor.

_____/

## NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE OF THE FOLLOWING:

      1.      On May 17, 2019, Alex D. Moglia, Chapter 11 Trustee (the "Trustee") of IPS Worldwide, LLC (the "Debtor"), filed a Motion [Doc. No._____] (the "Motion"), for entry of an order (the "Bid Procedures Order"), among other things, (a) approving Bid Procedures for the sale of substantially all of the Debtor's assets excluding cash, causes of action, and insurance policies (the "Business"); (b) approving the form and manner of notice of the auction of the Business and the Sale Hearing; and (c) scheduling a sale hearing (the "Sale Hearing") to consider the sale of the Business and setting objection and bidding deadlines with respect to the sale of the Business.  The Motion additionally requests entry of an order (the "Sale Order") approving (i) the sale of the Business free and clear of liens, claims, encumbrances and interests, except as set forth in the Bid Procedures Order; and (ii) certain related relief.

      2.      On May ____, 2019, the United States Bankruptcy Court for the Middle District of Florida entered the Bid Procedures Order [Doc. No. ____]. Pursuant to the Bid Procedures Order, the auction for the Business shall take place on June 16, 2019, at 10:00 a.m. (prevailing Eastern Time) at the offices of Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, Florida 32801. Only parties that have submitted a Qualified Bid in accordance with the Bid Procedures, by no later than June 6, 2019 at 5:00 p.m. (Eastern Time) (the "Bid Deadline") may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Business must submit its bid prior to the Bid Deadline and in accordance with the Bid Procedures. Parties interested in receiving information regarding the sale of the Business should contact undersigned counsel.

      3.      The Sale Hearing to consider approval of the sale of the Business to Prevailing Bidder(s) free and clear of all liens, claims, encumbrances and interests will be held before the Honorable Karen S. Jennemann, United States Bankruptcy Court, 400 West Washington Avenue, Courtroom 6A, Orlando, Florida 32801 on _____ at 10:00 a.m. (prevailing Orlando, Florida time), or at such earlier date as counsel may be heard. The Sale Hearing may be continued from time to time without further notice to creditors or parties in interest other than by announcement of the continuance in open court on the date scheduled for the Sale Hearing.

4.      Objections, if any, to the relief requested in the Motion in respect of the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 W. Washington Avenue, Orlando, Florida 32801 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Miami, Florida time) two business days before the Sale Hearing (the "Objection Deadline"), and (iv) served upon (a) counsel to the Trustee (R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL 32801), and (b) counsel to the Creditors' Committee in each case so as to be actually received no later than 4:00 p.m. (prevailing Orlando, Florida time) on the same day.

5.      This Notice and the Sale Hearing are subject to the fuller terms and conditions of the Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict and the Debtor encourages parties in interest to review such documents in their entirety. Copies of the Motion, the Bid Procedures, and/or the Bid Procedures Order may be obtained by request in writing, by telephone, or via email from counsel to the Debtor: R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL 32801; Tel. (407) 481-5800; e-mail at rshuker@lseblaw.com. In addition, copies of the aforementioned pleadings may be found on the Pacer website, http://ecf.flmb.uscourts.gov.

Respectfully submitted on May 17, 2019.

/s/ R. Scott Shuker, Esq.
R. Scott Shuker, Esq.
Florida Bar No. 984469
rshuker@lseblaw.com
bknotice1@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
*Attorneys for the Trustee*

Label Matrix for local noticing
113A-6
Case 6:19-bk-00511-KSJ
Middle District of Florida
Orlando
Fri May 17 11:08:14 EDT 2019

Advanced Business Capital LLC d/b/a Triumph
c/o Ullman & Ullman, P.A.
7700 W. Camino Real
 Suite 401
Boca Raton, FL 33433-5543

Bossard, Inc.
909 W. Pinnacle Peak Road
Phoenix, AZ 85027-1419


Delgado & Romanik PLLC
c/o Jonathan M. Sykes, Esquire
200 South Orange Avenue
Suite 800
Orlando, FL 32801-6404

GlobalTranz Enterprises, Inc.
Quarles & Brady LLP
101 East Kennedy Blvd, Ste 3400
Tampa, FL 33602-5195


Laticrete International, Inc.
c/o Lawrence M. Kosto, Esquire
P.O. Box 113
Orlando, Fl 32802-0113


Official Committee of Unsecured Creditors
c/o Elliott Greenleaf, PC
1105 N. Market Street
Suite 1700
Wilmington, DE 19801-1228

Bradley M. Saxton
Winderweedle, Haines, Ward & Woodman, PA
P.O. Box 880
Winter Park, FL 32790-0880


TE Connectivity Corporation f/k/a Tyco Elect
2800 Fulling Mill Road
Middletown, PA 17057-3142


True Value Company, LLC
8600 W. Byn Mawr Ave.
Chicago, IL 60631-3505

AREP Eight Tower Bridge LLC
c/o Zachary J. Bancroft, Esq.
Baker Donelson, et al.
200 S. Orange Avenue
Suite 2900
Orlando, FL 32801-3448

Atkore International, Inc.
c/o Berger Singerman LLP
Jordi Guso, Esq.
1450 Brickell Avenue
Suite 1900
Miami, FL 33131-3453

CohnReznick, LLP
4 Becker Farm Road
Roseland, NJ 07068-1739



Mark E Freedlander
McGuireWoods LLP
Tower 260
260 Forbes Avenue
Pittsburgh, PA 15222-1853

IPS Worldwide, LLC
265 Clyde Morris Blvd, Ste 100
Ormond Beach, FL 32174-8137



Hal Levenberg
Yip Associates
One Biscayne Tower
2 S. Biscayne Boulevard, Suite 2690
Miami, FL 33131-1815

Jonathan S Quinn
Neal, Gerber & Eisenberg, LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-4000


Suez Water Technologies
c/o Glenn Reisman, Esq
12 Old Hollow Rd
Suite B
Trumbull, CT 06611-5523


Transportation Insight, LLC
c/o Daniel C. Bruton
Bell, Davis & Pitt, PA
PO Box 21029
Winston-Salem, NC 27120-1029


Union Pacific Railroad Company
1400 Dougkas St. STOP 1580
Omaha, NE 68179-0002

Aclara Meters LLC
c/o James A. Timko, Esq.
Shutts & Bowen LLP
300 S. Orange Ave., #1600
Orlando, FL 32801-3382


Bank of America, N.A.
c/o Liebler, Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL 33130-1808


Colgate-Palmolive Company
c/o Trenam Law
Stephanie C. Lieb
101 E Kennedy Boulevard, Suite 2700
Tampa, FL 33602-5150

Gibraltar Industries, Inc.




Integrated Supply Network, LLC
c/o Trenam Law
101 E Kennedy Boulevard, Suite 2700
Tampa, FL 33602-5150


NuVasive, Inc.
Bradley Arant Boult Cummings LLP
c/o Edwin G. Rice
100 N. Tampa Street
Suite 2200
Tampa, FL 33602-5809

Rexnord Industries, LLC
Quarles and Brady LLP
101 East Kennedy Blvd., Suite 3400
Tampa, FL 33602-5195


Eric M Sutty
Elliott Greenleaf, P.C.
1105 N. Market Street, Suite 1700
Wilmington, DE 19801-1228


Tranzact Technologies, Inc.
Dean Mead Egerton Bloodworth Capouano &
c/o Denise D. Dell-Powell, Esq.
420 S Orange Ave., Suite 700
Orlando, FL 32801-4911


Craig A. Wolfe
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

XPO Logistics, Inc.
c/o Deborah L. Fletcher, Esq.
FisherBroyles, LLP
6000 Fairview Road, Suite 1200
Charlotte, NC 28210-2252

YRC Enterprise Services, Inc.
C/o Holland & Knight
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801-3461

YRC, Inc. d/b/a YRC Freight
C/o Holland & Knight
200 S. Orange Avenue
Suite 2600
Suite 2600
Orlando, FL 32801-3461

Zekelman Industries
c/o Frank Martin Wolff, P.A.
19 E. Central Blvd., Third Floor
Orlando, FL 32801-2468

A Cubed Corp, dba -
Comcast Metal Products Company
Attn: Harry Readshaw
600 Grant St, 44th Floor
Pittsburgh, PA 15219-2713

AVOX Systems, Inc
25 Walter Winter Drive
Lancaster, NY 14086

Advanced Business Capital
d/b/a Triumph Business
c/o Ullman & Ullman, P.A.
7700 W. Camino Real, Ste 401
Boca Raton, FL 33433-5543

Alclara
945 Hornet Drive
Hazelwood, MO 63042-2309

Alcoa Corporation
201 Isabella St. Ste. 500
Pittsburgh, PA 15212-5858

Alex D. Moglia, Chapter 11 Trustee
Moglia Advisors
1325 Remington Road, Suite H
Schaumburg, IL 60173-4815

Amcor
935 Technology Drive
Suite 100
Ann Arbor, MI 48108-8964

American Express
P.O. Box 360002
Fort Lauderdale, FL 33336-0002

American Express Travel Related Services Com
Inc.
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

American Real Estate Partner
161 Washington St
Suite 1375
Conshohocken, PA 19428-2051

Arcelor Mittal
250 W US HIghway 12
Burns Harbor, IN 46304-9727

Arconic, Inc.
Arconic Corporate Center
201 Isabella St.
Pittsburgh, PA 15212-5858
Attn: Melanie Smith, Legal Dept.

Arris Tech
2226 Galvin Drive
Elgin, IL 60124

Atkore International
16100 S Lathrop Avenue
Harvey, IL 60426-6021

Atkore International, Inc.
c/o Jordi Guso, Esq.
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

B3 Diagnostic Laboratory
1307 Alen Drive
Suite A
Troy, MI 48083-4010

Bio-Rad Laboratories
1000 Alfred Nobel Drive
Hercules, CA 94547-1898

Borsa Properties, LLC
P. O. Box 166633
Miami, FL 33116-6633

Bossard Industrial Products
2925 Morton Drive
East Moline, IL 61244-1960

Brady Worldwide
2221 W. Camden Road
Milwaukee, WI 53209-3709

CC Wu International
302-308 Hennessy Road
Wanchai
HONG KONG

CEVA LOGISTICS -
ATTN: CREDIT & COLLECTIONS
15350 VICKERY DRIVE
HOUSTON, TX 77032-2530

Capital Lighting
5359 Rafe Banks Drive
Flowery Branch, GA 30542-2768

Chevron
West End of 7th Street
Port Arthur, TX 77640

Colgate Palmolive Company
c/o Stephanie Lieb
101 E. Kennedy Boulevard
Suite 2700
Tampa, FL 33602-5150

Colgate-Palmolive Company -
Attn: Rachel Wolman
300 Park Avenue
New York, NY 10022-7499

Concast Metal
14315 State Rt. 113
Birmingham, OH 44889-8320

Conduent, Inc., fka Xerox Business Services,
fka Affiliated Computer Services, Inc.
c/o Larry A. Levick, Singer & Levick PC
16200 Addison Road, Suite 140
Addison, TX 75001-5377

Dawn Harbuck -
836 May Ave
Holly Hill, FL 32117-3430

Delgado & Romanik, PLLC
c/o Jonathan M. Sykes, Esquire
200 S Orange Avenue, Suite 800
Orlando, FL 32801-6404

EFreight Solutions, LLC
2615 George Busbee Pkwy NW
Suite 11
Kennesaw, GA 30144-4981

Elo Touch Solutions
670 N McCarthy Blvd
Ste. 100
Milpitas, CA 95035-5119

ExFreight Zeta, LLC
c/o Michael Kaufman, P.A.
1615 Forum Place, Suite 3A
West Palm Beach, FL 33401-2316

Exfreight Zetz, LLC
c/o Michael A. Kaufman, Esq.
1615 Forum Place, Suite 3A
West Palm Beach, Florida 33401-2316

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Fluidigm
7000 Shoreline Court
Suite 100
South San Francisco, CA 94080-7603

Fristam Pumps USA
2410 Parview Road
Middleton, WI 53562-2521

GE  Global Operations
c/o Maureen Carter
13391 McGregor Blvd
Fort Myers, FL 33919-5944

Gibraltar Industries, Inc.
c/o Aaron A. Wernick, Esq.
Furr Cohen, PA
2255 Glades Road, Suite 301E
Boca Raton, FL 33431-7383

Gilbraltar Industries
3556 Lake Shore Road
Buffalo, NY 14219-1485

Global Tranz Enterprises
Quarles & Brady LLP
101 East Kennedy Blvd.
Suite 3400
Tampa, FL 33602-5195

GlobalTranz Enterprises, Inc.
c/o Jordan D. Maglich, Esq.
Quarles & Brady LLP
101 East Kennedy Blvd., Suite 3400
Tampa, FL 33602-5195

Harris Tea Company
344 New Albany Road
Moorestown, NJ 08057-1190

Infineon
30805 Santana Street
Hayward, CA 94544-7030

Integrated Supply Network -
2727 Interstate Drive
Lakeland, FL 33805-2304

Internal Revenue Service -
Post Office Box 7346
Philadelphia PA 19101-7346

JL French
3101 S. Taylor Drive
Sheboygan, WI 53081-9401

Jensen Tools/Test Equity
7815 S. 46th Street
Phoenix, AZ 85044-5399

KTM Motorcycles
30100 Technology Drive
Murrieta, CA 92563-2542

KTM North America Inc
c/o Justin D Kreindel Esq
Wilson Elser Moskowitz Edelman & Dicker
111 N Orange Ave Ste 1200
Orlando FL 32801-2361

Laticrete International
1 Laticrete Park North
Bethany, CT 06524-3498

Lawrence M. Kosto, Esq.
Kosto & Rotella, P.A.
PO Box 113
Orlando FL 32802-0113

Leanne McKnight Prendergast
Fisher Broyles, LLP
12620 Beach Boulevard
Suite 3, #126
Jacksonville, FL 32246-7130

Life Technologies
5791  Van Allen Way
Carlsbad, CA 92008-7321

Lorges Holding Corp -
Tatiana Belim
64 Northwoods Lane
Doylestown, PA 18901-2938

MAPSYS, Inc. -
Greg Bussey
920 Michigan Ave
Columbus, OH 43215-1165

MSC Direct
75 Maxess Road
Melville, NY 11747-3151

McLauglin Body Company
2430 River Drive
Moline, IL 61265-1500

Motorola
2100 East Elliot
Tempe, AZ 85284-1806

Natural Gas Solutions
16240 Port Northwest
Houston, TX 77041-2668

Nemak USA, Inc. -
2 Towne Square #300
Southfield, MI 48076-3761

Neogen
620 Lesher Place
Lansing, MI 48912-1595

Neogen Corporation
c/o Aaron A. Wernick, Esq.
Furr Cohen PA
2255 Glades Rd., Ste 301E
Boca Raton, FL 33431-7383

NuVasive, Inc.
c/o Bradley Arant Boult Cummings LLP
100 N. Tampa Street, Suite 2200
Tampa, FL 33602-5809

NuVasive, Inc.
c/o Edwin Rice
Bradley Arant Boult Cummings
100 N. Tampa St.., Ste 2200
Tampa, FL 33602-5809

OLMO
Rua Restinga
Sao Paulo 03065
BRAZIL

Oral-B Laboratories
8700 Mason Montgomery Road
Mason, OH 45040-9760

Pitney Bowes
37 Executive Drive
Danbury, CT 06810-4148

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

RM Acquisition LLC
d/b/a Rand McNally
9855 Woods Drive
Skokie, IL 60077-1127

Regal Beloit Corp (RBC)
6450 W. Hanna Avenue
Indianapolis, IN 46241-6414

Resource Logistics Group, Inc. -
5944 Coral Ridge Drive, #261
Coral Springs, FL 33076-3300

Resource Logistics Group, Inc.
c/o Kenneth G.M. Mather, Esq.
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson St, Ste 2500
Tampa, FL 33602-5226

Rexnord
4701 W. Greenfield Avenue
Milwaukee, WI 53214-5300

Rexnord Industries, LLC
c/o Jordan D. Maglich, Esq.
Quarles & Brady LLP
101 East Kennedy Blvd., Suite 3400
Tampa, FL 33602-5195

Riverside Group
225 North Michigan Avenue
Chicago, IL 60601-7757

Root Executive Park
275 Clyde Morris Blvd.
Ormond Beach, FL 32174-5977

SCM Metal Products
2601 Weck Drive
Durham, NC 27709

Schneider Logistics, Inc. -
Aaron McCollough
McGuireWoods LLP
77 W. Wacker Dr., Ste. 4100
Chicago, IL 60601-1818

Schneider National, Inc. -
Aaron McCollough
McGuireWoods LLP
77 W. Wacker Dr., Ste. 4100
Chicago, IL 60601-1818

Sheboygan Paint
608 Canal Street
Cedartown, GA 30125-6334

Siemens Gamesa Energy
3500 Quadrangle Boulevard
Orlando, FL 32817-8326

Sparton
5612 Johnson Lake Road
De Leon Springs, FL 32130-3657

Stanley
1000 Stanley Drive
Concord, NC 28027-7679

Stanley Black & Decker, Inc.
c/o Colin S. Baker, Esq.
Greenberg Traurig, P.A.
450 South Orange Ave., Suite 650
Orlando, FL 32801-3311

Stanley Black & Decker, Inc.
c/o Greenberg Traurig, P.A.
Danielle S. Kemp, Esq.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602-5148

Stanley Black & Decker, Inc.
c/o Greenberg Traurig, P.A.
Mark D. Bloom, Esq.
333 SE 2nd Avenue
Miami, FL 33131-3238

Stanley Black & Decker, Inc.
c/o I. William Spivey, II, Esq.
GREENBERG TRAURIG, P.A.
450 South Orange Ave., Suite 650
Orlando, FL 32801-3311

Steven T. Huntley -
Resource Logistics Group, Inc.
5944 Coral Ridge Drive, #261
Coral Springs, FL 33076-3300

Subcom
PO Box 479
Portsmouth, NH 03802-0479

Suez Water Technologies
c/o Glenn Reisman, Esq.
Reisman Law Firm LLC
12 Old Hollow Road
Trumbull, CT 06611-5523

Suez Water Technologies and Solutions
c/o Glenn M. Reisman
12 Old Hollow Road, Ste. B
Trumbull, CT 06611-5523

Suez WaterTech & Solutions
4636 Somerton Road
Feasterville Trevos, PA 19053-6742

Symmetricom
2300 Orchard Parkway
San Jose, CA 95131-1017

Synchrony Financial
170 Election Road
Stamford, CT 06927-0001

TE Connectivity
Attn: Samuel M. Koda, Jr., Esq.
2800 Fulling Mill Road
Middletown, PA 17057-3142

TE Connectivity Corporation
c/o Samuel M. Koda, Jr., Esq.
2800 Fulling Mill Road
Middletown, PA 17057-3142

Tammy Pease -
306 Thackery Rd
Ormond Beach, FL 32174-6028

Test Equity/Jensen Tools
335 Willow Street
N. Andover, MA 01845-5921

Thomas J. Novia -
Thomas Novia
IPS WORLDWIDE LLC - Former Employee
164 Forest Trail Drive
Lansdale, PA 19446-6415

Transportation Insight, LLC
c/o Daniel C. Bruton
PO Box 21029
Winston-Salem, NC 27120-1029

Tranzact Technologies, Inc.
c/o Denise D. Dell-Powell, Esq.
Burr & Forman LLP
200 S. Orange Ave., Suite 800
Orlando, FL 32801-6404

True Value Co - Advertising
320 S. Division Street
Harvard, IL 60033-3247

UTC Fire and Security
4211 Metro Parkway
Fort Myers, FL 33916-9526

Union Pacific Railroad Company
1400 Douglas St. STOP 1580
Omaha NE 68179-0002

Verogen
11111Flintkote Avenue
San Diego, CA 92121-1203

Volusia County Tax Collector
123 West Indiana Avenue
Room 103
Deland FL 32720-4615

Wabash National
3233 Kossuth Street
Lafayette, IN 47904-3263

Watlow
12001 Lackland Road
Saint Louis, MO 63146-4039

Wayne
3814 Jarrett Way
Austin, TX 78728-1298

Wells Fargo Vendor -
Financial Services, LLC
Attn: Kimberly Park
1010 Thomas Edison Blvd SW
Cedar Rapids IA 52404-8247

XPO Logistics
c/o Deborah Fletcher
Fisher Broyles, LLP
6000 Fairview Rd, Ste 1200
Charlotte, NC 28210-2252

XPO Logistics, Inc.
c/o Deborah L. Fletcher, Partner
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210-2252

XPO Logistics, Inc.
c/o Leanne McKnight Prendergast
12620 Beach Blvd. Suite 3 #126
Jacksonville, Florida 32246-7130

Xerium Technologies
1401 Capital Blvd
Youngsville, NC 27596

Xerium Technologies, Inc.
c/o Holmes P. Harden
Williams Mullen
PO Box 1000
Raleigh, NC  27602
hharden@williamsmullen.com  27602-1000

YRC ENTERPRISE SERVICES, INC.
c/o Gregory R. Farkas
200 Public Square #3000
Cleveland, OH 44114-2381

YRC ENTERPRISE SERVICES, INC.
c/o John F. Kostelnik
200 Public Square #3000
Cleveland, OH 44114-2381

YRC Enterprise Services, Inc.
YRC, Inc. d/b/a YRC Freight
Brian McDowell c/o Holland & Knight LLP
200 S. Orange Avenue, Ste 2600
Orlando, Florida 32801-3461

YRC Enterprise Services, Inc.
YRC, Inc. d/b/a YRC Freight
Robert Davis c/o Holland & Knight LLP
200 S. Orange Avenue, Ste 2600
Orlando, Florida 32801-3461

YRC Freight
10990 Roe Avenue
Overland Park, KS 66211-1213

YRC INC., d/b/a YRC FREIGHT
c/o Gregory R. Farkas
200 Public Square #3000
Cleveland, OH 44114-2381

YRC INC., d/b/a YRC FREIGHT
c/o John F. Kostelnik
200 Public Square #3000
Cleveland, OH 44114-2381

Zekelman Industries
c/o Frank Martin Wolff, Esq.
Frank Martin Wolff, P.A.
19 E. Central Blvd., Third Floor
Orlando, FL 32801-2468

Zekelman Industries, Inc.
Attn: Angela Miu
227 W. Monroe St. Ste. 2600
Chicago, IL 60606-5082

c/o Ullman & Ullman, P.A.
Michael W. Ullman
Jared A. Ullman
7700 W. Camino Real, Suite 401
Boca Raton, FL 33433-5543

Zachary J Bancroft +
Baker, Donelson, Bearman, Caldwell & Ber
Caldwell & Berkowitz, PC
P.O. Box 1549
Orlando, FL 32802-1549

Mark D Bloom +
Greenberg Traurig
333 Avenue of the Americas
Suuite 4400
Miami, FL 33131-2176

Ryan E Davis +
Winderweedle Haines Ward & Woodman P.A.
329 Park Avenue North, Second Floor
Winter Park, FL 32789-7421

Lawrence M Kosto +
Kosto & Rotella, P.A.
619 East Washington Street
Orlando, FL 32801-2969

Brian A McDowell +
Holland & Knight LLP
Post Office Box 1526
Orlando, FL 32802-1526

Bradley M Saxton +
Winderweedle, Haines, Ward & Woodman, PA
329 Park Avenue North, Second Floor
Winter Park, FL 32789-7421

Frank M Wolff +
Frank Martin Wolff, P.A.
19 E. Central Blvd
Orlando, FL 32801-2468

Jordi Guso +
Berger Singerman P.A.
1450 Brickell Avenue, 19th Floor
Miami, FL 33131-3444

Edwin G Rice +
Bradley Arant Boult Cummings LLP
100 North Tampa Street, Suite 2200
Tampa, FL 33602-5809

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Kenneth G M Mather +
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5226

Denise D Dell-Powell +
Dean Mead Egerton Bloodworth Capouano
420 S. Orange Avenue, Suite 700
Orlando, FL 32801-4911

Deborah L Fletcher +
Katten Muchin Rosenman, LLP
401 South Tryon Street
Suite 2600
Charlotte, NC 28202-1934

Alex D Moglia +
Moglia Advisors
1325 Remington Road, Suite H
Schaumburg, IL 60173-4815

Glenn M Reisman +
Reisman Law Firm LLC
12 Old Hollow Road, Suite B
Trumbull, CT 06611-5523

Michael A. Kaufman +
Michael A. Kaufman PA
1615 Forum Place, Suite 3A
West Palm Beach, FL 33401-2316

Leanne McKnight Prendergast +
FisherBroyles, LLP
12620 Beach Boulevard, Suite 3 #126
Jacksonville, Fl 32246-7130

Traci H Rollins +
Squire Patton Boggs (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6161

Holmes P Harden +
Williams Muller
301 Fayetteville Street
Raleigh, NC 27601-1974

Scott W Spradley +
Law Offices of Scott W Spradley PA
PO Box 1
109 South 5th Street
Flagler Beach, FL 32136-3604

Stephanie C Lieb +
Trenam, Kemker
Post Office Box 1102
Tampa, FL 33601-1102

Danielle S Kemp +
Greenberg Traurig, P.A.
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602-5148

Rhys P Leonard +
Trenam Kemker
101 East Kennedy Boulevard
Suite 2700
Tampa, FL 33602-5170

Rafael X. Zahralddin-aravena +
Elliott Greenleaf
1105 N Market Street, Ste 1700
Wilmington, DE 19801-1228

Jonathan Sykes +
Burr & Forman LLP
200 S. Orange Avenue,
Suite 800
Orlando, FL 32801-6404

Jared A Ullman +
Ullman & Ullman, P.A.
150 East Palmetto Park Road, Suite 700
Boca Raton, FL 33432-4829

Gregory R. Farkas +
Frantz Ward LLP
200 Public Square
Suite 3000
Cleveland, OH 44114-2381

Jason R Alderson +
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

Jordan D Maglich +
Quarles & Brady LLP
101 East Kennedy Boulevard, Suite 3400
, FL 33602-5195

Kevin G Schneider +
Neal, Gerber & Eisenberg, LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-4000

Robert E. Kaelin +
Murtha Cullina LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3408

Tiffany Payne Geyer +
Baker & Hostetler LLP
200 S Orange Avenue Suite 2300
Orlando, FL 32801-3432

Robert W Davis Jr +
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801-3453

James A Timko +
Shutts & Bowen, LLP
300 S Orange Avenue, Suite 1600
Orlando, FL 32801-3382

Maria M Yip +
2 S. Biscayne Blvd, Suite 2690
Miami, FL 33131-1815

Audrey M Aleskovsky +
Office of the United States Trustee
George C. Young Federal Building
400 West Washington St, Suite 1100
Orlando, FL 32801-2210

John F. Kostelnik +
Frantz Ward LLP
200 Public Square
Suite 3000
Cleveland, OH 44114-2381

Justin D Kreindel +
Wilson Elser Moskowitz Edelman & Dicker
111 North Orange Avenue, Suite 1200
Orlando, FL 32801-2361

Taruna Garg +
Murtha Cullina LLP
177 Broad Street
Stamford, CT 06901-2048

Mark A Berkoff +
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-4000

Mark E Steiner +
Liebler, Gonzalez & Portuondo, P.A.
44 W. Flagler Street, 25th Floor
Miami, FL 33130-1808

Aaron A Wernick +
Furr & Cohen, P.A.
2255 Glades Road, Suite 301E
Boca Raton, FL 33431-7383

Charles R Sterbach +
Office of the United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801-2440

Andrew V Layden +
Baker & Hostetler LLP
Suntrust Center - Suite 2300
200 S. Orange Avenue
Orlando, FL 32801-3432

Courtney A McCormick +
McGuireWoods LLP
50 North Laura St, Suite 3300
Jacksonville, FL 32202-3661

Elliot M Smith +
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1217

George W. Fitting +
McGuireWoods, LLP
Tower Two-Sixty
260 Forbes , Suite 1800
Pittsburgh, PA 15222-1892

Samuel M Koda Jr. +
TE Connectivity Corporation
2800 Fulling Mill Road
Middletown, PA 17057-3142

Larry A Levick +
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX 75001-5377

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)ArcelorMittal USA LLC

(u)Arconic Inc.

(u)Conduent, Inc.

(u)Exfreight Zeta, LLC

(u)Karen S. Jennemann
Orlando

(u)KTM North America, Inc.

(u)Neogen Corporation

(u)Resource Logistics Group, Inc.

(u)Stanley Black & Decker, Inc.

(u)Xerium Technologies, Inc.

(d)AREP Eight Tower Bridge LLC –
c/o Zachary J. Bancroft, Esq.
Baker Donelson, et al.
200 S. Orange Ave., Ste. 2900
Orlando, FL 32801-3448

(d)Aclara Meters LLC
c/o James A. Timko, Esq.
Shutts & Bowen LLP
300 S. Orange Ave., #1600
Orlando, FL 32801-3382

(d)Arcelor Mittal
250 W US Highway 12
Burns Harbor, IN 46304-9727

(d)Bio-Rad Laboratories
1000 Alfred Nobel Drive
Hercules, CA 94547-1898

(d)Bossard,Inc.
909 W. Pinnacle Peak Road
Phoenix, AZ 85027-1419

(d)Elo Touch Solutions
670 N McCarthy Blvd.
Ste. 100
Milpitas, CA 95035-5119

(u)FPL,4200 W. Flagler St., Miami, FL 33134 –

(d)Gilbraltar Industries
3556 Lake Shore Road
Buffalo, NY 14219-1485

(d)Integrated Supply Network
2727 Interstate Drive
Lakeland, FL 33805-2304

(d)KTM Motorcycles
30100 Technology Drive
Murrieta, CA 92563-2542

(du)KTM North America, Inc. –

(d)Laticrete International, Inc.
c/o Lawrence M. Kosto, Esquire
P.O. Box 113
Orlando, FL 32802-0113

(d)Stanley
1000 Stanley Drive
Concord, NC 28027-7679

(d)Suez WaterTech & Solutions
4636 Somerton Road
Feasterville Trevos, PA 19053-6742

(d)True Value Company, LLC
8600 W. Byn Mawr Ave.
Chicago  IL 60631-3505

(d)Wayne
3814 Jarrett Way
Austin, TX 78728-1298

(d)Xerium Technologies
1401 Capital Blvd
Youngsville, NC 27596

(d)YRC Freight
10990 Roe Avenue
Overland Park, KS 66211-1213

(d)R Scott Shuker +
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

(d)Alex D Moglia +
Moglia Advisors
1325 Remington Road, Suite H
Schaumburg, IL 60173-4815

(d)Maria M Yip +
2 S. Biscayne Blvd, Suite 2690
Miami, FL 33131-1815

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
-----------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients   208
Bypassed recipients    32
Total                 240