ORDERED.

Dated: May 29, 2019

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO.: 6:19-bk-00511-KSJ |
| IPS WORLDWIDE, LLC | CHAPTER 11 |
| Debtor. | |

_____/

**ORDER (1) APPROVING COMPETITIVE BIDDING AND SALE PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) SCHEDULING DATES TO CONDUCT AUCTION AND HEARING TO CONSIDER FINAL APPROVAL OF SALE, INCLUDING THE TREATMENT OF EXECUTORY CONTRACTS, (3) APPROVING THE FORM AND MANNER OF NOTICES, (4) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (5) GRANTING RELATED RELIEF**

THIS CASE came before the Court on Thursday, May 23, 2019 at 2:45 p.m. in Orlando, Florida upon the Motion pursuant to 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004 and 9014 and Local Rules 2002-1(C)(2) and 6004-1 for the entry of an Order (1) approving competitive bidding and sale procedures for the sale of substantially all of Debtor's assets, (2) scheduling dates to conduct auction and hearing to consider final approval of sale, including treatment of executory contracts, (3) approving the form and manner of notices, (4) approving the sale of substantially all of the Debtor's assets free and clear of all liens, claims, encumbrances and

interests, including if applicable the assumption and assignment of any executory contracts, and (5) granting related relief (the "Motion") [Doc No. 392], filed by **ALEX D. MOGLIA, CHAPTER 11 TRUSTEE** ("Trustee") of **IPS WORLDWIDE, LLC** (the "Debtor"). Having reviewed the Motion, the record in this case, the statements of counsel for the Trustee and other parties-in-interest at the above hearing, the Court finds that good cause exists to grant the relief set forth herein and that such relief, including the Bid Procedures proposed in connection with the proposed sale of the Business (as defined in the Motion), is in the best interests of the Debtor's estate and all of its stakeholders. Accordingly,

**THE COURT FINDS AND DETERMINES AS FOLLOWS**:

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014;

B.     The Court has jurisdiction over the Motion and the transaction contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (0). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409;

C.     The statutory bases for the relief requested in the Motion are (i) §§ 105, 363 and 365 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and (ii) Bankruptcy Rules 2002(a)(2), 6004 and 9014 and (iii) Rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules");

D.     Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Sale Hearing. A reasonable opportunity to object or be heard regarding the

relief provided herein has been afforded to all creditors, equity holders and other parties-in-interest;

E. The Trustee's proposed notice of the Bid Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of substantially all of the Debtor's Business free and clear of any and all liens, claims, encumbrances and interests, and the Bid Procedures to be employed in connection therewith;

F. The Trustee articulated good and sufficient reasons for the Court to: (i) approve the Bid Procedures, (ii) approve the sale of the Business free and clear of all liens, claims, encumbrances and interests pursuant to § 363 of the Bankruptcy Code, (iii) approve the Break-Up Fee, and (iv) schedule the Auction and the Sale Hearing, approve the manner of notice of the Motion and the Sale Hearing, and set the Objection Deadline (as defined below);

G. The entry of this Bid Procedures Order is in the best interests of the Trustee, the Debtor, its estate, its creditors, equity holders and other parties-in-interest; and

H. The Bid Procedures are reasonably designed to maximize the value to be achieved for the Business.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Except as otherwise provided in this order, all objections to the Motion (whether asserted or not), are overruled except as set forth herein.

3. The Bid Procedures attached hereto as Exhibit 1 are hereby incorporated herein and are approved in their entirety. The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

4. As further described in the Bid Procedures, the deadline for submitting bids for the Business (the "Bid Deadline") is June 13, 2019 at 5:00 p.m. (prevailing Orlando, Florida time). No

Bid shall be deemed to be a Qualified Bid (as defined in the Motion) or otherwise considered for any purposes unless such Bid meets the requirements set forth in the Bid Procedures.

5. If Qualified Bids are timely received by the Trustee in accordance with the Bid Procedures, then the Trustee shall conduct an Auction on June 19, 2019 at 10:00 a.m. (prevailing Orlando, Florida time) at the offices of Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, Florida 332801, or such other place and time as the Trustee shall notify all Qualified Bidders and other invitees. The Auction shall be conducted in accordance with the Bid Procedures.

6. The Sale Hearing shall be held before the Court on June 20, 2019 at 10:00 a.m. (prevailing Orlando, Florida time), at the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 W. Washington Street, 6th Floor, Courtroom 6A, Orlando, Florida 32801.

7. Objections, if any, to the relief requested in the Motion solely with respect to the determination of which Qualified Bid is the Successful Bid or any other aspect of the Auction must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the clerk of the Bankruptcy Court for the Middle District of Florida, Orlando Division, 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 (or filed electronically via CM/ECF), on or before 4:00 p.m. (prevailing Orlando, Florida time) two business days before the Sale Hearing (the "Objection Deadline"), and (iv) served upon (a) counsel to the Trustee (R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL 32801), (b) counsel to the Creditors' Committee (Rafael X. Zahralddin, Esq., Elliott Greenleaf, P.C., 1105 N. Market Street, Wilmington, DE 19801), and (c) the Office of the United States Trustee, so as to be actually received no later than 4:00 p.m. (prevailing Orlando, Florida time) on the same day.

8.     The notice of sale, substantially in the form attached hereto as Exhibit 2 (the "Sale Notice"), is hereby approved.

9.     On or before three (3) business days after the entry of the Order, the Trustee will cause the Bid Procedures, substantially in the form attached as **Exhibit 1** hereto, as well as a notice, substantially in the form attached as **Exhibit 2** hereto (the "Auction and Sale Notice"), to be sent first class mail postage prepaid to the following: (i) all creditors or their counsel known to the Trustee to assert a lien (including a security interest), claim, right, interest or encumbrance or record against all or any portion of the Business, (ii) the Office of the United States Trustee, (iii) all applicable federal, state and local taxing and regulatory authorities having or asserting jurisdiction over the Debtor or recording offices or any other governmental authorities that, as a result of the Sale, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Business or have any known interest in the relief requested by this Motion, (iv) the United States Attorney's office for the Middle District of Florida, (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002, (vi) all parties to any litigation involving the Debtor, (vii) all other known creditors and interest holders of the Debtor, including without limitation, all creditors listed in the Debtor's schedules, and (viii) all potential bidders previously identified or otherwise known to the Trustee.

10.    Copies of exhibits to the Motion may be obtained by request in writing, by telephone, or via email from counsel to the Trustee:  R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL  32801, Tel. 407-481-5800; e-mail at rshuker@lseblaw.com. In addition, copies of the afore-mentioned may be found on the Pacer website, http://ecf.flmb.uscourts.gov.

11. The Sale Hearing may be continued, from time to time, without further notice to creditors, equity holders or other parties in interest other than by announcement of said continuance before the Court on the date scheduled for such hearing.

12. If an Auction is conducted and a Successful Bid is selected and advanced to the Court at the Sale Hearing, then the party with the next highest and best Qualified Bid, as determined by the Trustee in the exercise of his reasonable business judgment, will be designated as the back up bidder (the "Back Up Bidder").

13. The Trustee, in consultation with the Creditors' Committee, further reserves the right as it may determine to be in the best interests of the Debtor's estate, to (i) determine which bidders are Qualified Bidders, (ii) determine which bids are Qualified Bids, (iii) determine which Qualified Bid is the Successful Bid and Back Up Bid as applicable, (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the Bid Procedures or the Bankruptcy Code, or (c) contrary to the best interests of the Debtor or the estate, (v) waive any of the terms or conditions contained herein with respect to any or all of the potential bidders, impose additional terms and conditions with respect to all potential bidders, (vi) extend the deadlines set forth herein, (vii) continue or cancel the Auction or the Sale Hearing in open court without further notice, and (viii) modify the Bid Procedures as it may determine to be in the best interest of the estate.

14. To the extent that any chapter 11 plan confirmed in this case or any order confirming any such plan or any other order in this case (including any order entered after any conversion of this case to a case under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Bid Procedures Order, the provisions of this Bid Procedures Order shall control. The Trustee's obligations under this Bid Procedures Order, the provisions of this Bid Procedures Order shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Trustee, the Debtor, and the reorganized or

reconstituted debtor, as the case may be, after the effective date of a confirmed plan or plans in the Debtor's case (including any order entered after any conversion of this case to a case under chapter 7 of the Bankruptcy Code).

15. Subject to the approval of the Successful Bid and the Back-Up Bid (as applicable) by the Court at the Sale Hearing, the Trustee is authorized to sell the Business free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. §§ 363 (f)(2), (4) and (5), with all such liens, claims, encumbrances and interests to attach to the proceeds of such sale to the same extent, validity and priority as respectively existed in the Business as of the Petition Date.

16. The stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Bid Procedures Order shall be effective immediately upon its entry.

17. All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Bid Procedures Order in accordance with the Motion.

19. The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bid Procedures Order.

####

Attorney R. Scott Shuker, Esq. is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.