ORDERED.

Dated: July 16, 2019

_____
Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

IPS WORLDWIDE, LLC,                   CASE NO.: 6:19-bk-00511-KSJ

　　　Debtor,                                  CHAPTER 11

_____/

**ORDER APPROVING MOTION FOR AN ORDER PURSUANT TO**
**FED. R. BANKR. P9019 FOR AN ORDER APPROVING**
**THE COMPROMISE AND SETTLEMENT OF CREDITOR CLAIMS**

**THIS CASE** came on for consideration upon the motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, of **CHAPTER 11 TRUSTEE, ALEX D. MOGLIA** ("Trustee") for **IPS WORDWIDE, LLC** ("IPS" or the "Debtor"), for the entry of an order approving the compromise and settlement of creditor claims to certain bank accounts maintained by the Debtor, filed with the Court on June 12, 2019 (Doc No. 426) (the "Motion"). Upon consideration of the Motion, the Court notes that the Motion was served upon the United States

Trustee and all interested parties with the Local Rule 2002-4 negative-notice legend informing the parties of their opportunity to object within twenty (21) days plus three days for mailing from the date the paper was entered on the docket, that no party has filed an objection within the time permitted, and the Court is otherwise fully advised in the premises.  Accordingly, it is

**ORDERED:**

1.The Motion is **GRANTED** and the Compromises[1] are **APPROVED.**

2.The Trustee is authorized and directed to consummate the Compromises in accordance with the terms set forth in the Motion.

3.To the extent any Settling Claimant requests the Trustee to execute a written settlement agreement, the Trustee is authorized to do so, provided the agreement is consistent with the Motion, without further Court order and such agreements are hereby approved.

4.To the extent a Settling Claimant has requested rejection of an executory contract with Debtor, this order shall be deemed a rejection of such contract.

5.Each of the "General Conditions" described in paragraph 12 of the Motion are hereby approved and are binding on the Debtor, the Debtor's bankruptcy estate, and on all present and future representatives of the Debtor's bankruptcy estate, including, without limitation, the Trustee and, in the event of a subsequent conversion of the case to a chapter 7 case, any chapter 7 trustee that may be appointed.  For the avoidance of doubt, (i) all waivers and releases described in paragraph 12 of the Motion are hereby granted without further action by any party, and (ii) each Settling Claimant is hereby granted an allowed unsecured claim, not subject to objection or reduction, for the balance of their respective claims after receipt of the disbursements outlined in the table set forth in paragraph 12 of the Motion.

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to such terms as in the Motion.

6. This Court shall retain jurisdiction to enforce and interpret the terms of the Motion and Compromises.

###

Attorney R. Scott Shuker is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.