**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CASE NO. 6:19-bk-00511-KSJ** |
| **IPS WORLDWIDE, LLC,** | **CHAPTER 11** |
|       **Debtor.** | |
| _____/ | |

**MOTION BY CHAPTER 11 TRUSTEE TO APPROVE COMPROMISE**
**PURSUANT TO BANKRUPTCY RULE 9019**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three (3) days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court, George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the movant's attorney, R. Scott Shuker, Esq., Shuker & Dorris, P.A. 121 S. Orange Avenue, Suite 1120, Orlando, FL 32801, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

**CHAPTER 11 TRUSTEE, ALEX D. MOGLIA** ("Trustee" or "Mr. Moglia"), moves this Court, pursuant to 11 U.S.C. §105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for an Order approving the settlement and compromise (the "Settlement" or "Agreement") reached between the Trustee and **DELGADO & ROMANIK, PLLC** ("Delgado") (Trustee and Delgado are collectively referred to herein as the "Parties" – where appropriate). In support of this motion, Trustee states as follows:

## BACKGROUND

1. On January 25, 2019 (the "Petition Date"), IPS Worldwide, LLC (the "Debtor") filed its petition for relief under Chapter 11 of the Bankruptcy Code.

2. Prior to the Petition Date, Debtor and Delgado executed a retainer agreement ("the Legal Services Agreement" or "LSA") pursuant to which Debtor retained Delgado to provide legal representation in connection with the "Investigation and Potential Defense of allegations of malfeasance o/b/o [Debtor] and principals regarding Stanley, Black and Decker and Other Corporate Deficiencies." (the "Legal Matter").

3. Pursuant to the Legal Services Agreement, Debtor was required to remit a non-refundable retainer of $160,000.00 (the "Retainer") upon signing of the LSA, which was earned upon receipt according to the terms of the LSA.

4. In accordance with the LSA, Debtor remitted $160,000.00 to Delgado, and Delgado commenced representation of the Debtor in connection with the Legal Matter.

5. On April 5, 2019, the Court entered an order granting the motions of the U.S. Trustee (Doc. No. 227) and creditor, Stanley Black & Decker, Inc. (Doc. No. 290) for the appointment of a Chapter 11 trustee in the Debtor's bankruptcy case. That same day, Alex D. Moglia was appointed to serve as Chapter 11 Trustee for the Debtor (Doc. No. 291).

6. After his appointment as Chapter 11 Trustee, Mr. Moglia sent a demand to Delgado: (i) claiming the Retainer paid by the Debtor is an avoidable fraudulent transfer; and (ii) requesting the return of the full Retainer claiming such to be property of the Debtor's estate.

7. Delgado responded to Mr. Moglia's demand claiming the Retainer was a "true or classic retainer" earned when received and non-refundable and, thus, is not subject to turnover. Delgado also asserts that payment of the Retainer is not avoidable as a fraudulent transfer as Debtor had received reasonably equivalent value at the time the Retainer was paid.

8. On August 21, 2019, the Parties entered into a Settlement Agreement which resolves the various disputes between them.

## MATERIAL TERMS OF THE SETTLEMENT AGREEMENT

9. As a result of the good-faith, arms –length negotiations, and to avoid the expense, inconvenience, delay, and to avoid costly litigation, the Parties have reached a compromise and settlement, the approval of which will aid in furthering the administration of the Debtor's estate. The terms of the Settlement are set forth herein and meet all applicable legal standards and are well within the range of reasonableness.

10. The material terms of the proposed Settlement are as follows:

    a. <u>Division of Retainer</u>. Within five (5) days following the entry of a final non-appealable order of the Bankruptcy Court approving this Agreement, Delgado shall return the amount of One Hundred and Forty Thousand Dollars and xx/100 ($140,000.00) to the Trustee via wire transfer to the Trustee's operating account at Rabobank, N.A. (Acct: Ending 0366). Delgado shall be entitled to retain Twenty Thousand Dollars and xx/100 ($20,000.00) of the Retainer.

    b. <u>Termination of Legal Services Agreement</u>. Upon execution of the Agreement by the Parties, the Legal Services Agreement shall be terminated and of no further force or effect, Delgado shall have no further duties and obligations to represent the Debtor or its principals in connection with the Legal Services Agreement. No further documentation memorializing the termination of the Legal Services Agreement shall be necessary.

    c. <u>Mutual Releases</u>. As a material inducement to enter into this Agreement and as consideration for the releases to be provided, except to the extent that there exist rights and affirmative duties as set forth herein, each of the Parties, on behalf of themselves and their successors, representatives, officers, directors, employees, agents or assigns (the "Releasing Parties") shall be deemed to fully release, acquit, and forever discharge each other from any and

all claims, demand, damages, actions, causes of action, suits, contract, agreements, obligations, accounts, defenses, offsets and liabilities, including without limitation, any and all fraudulent transfer and other avoidance claims which the Trustee, Debtor or the Debtor's estate ever had, now have, or might hereinafter have against Delgado.

11.     The summary of compromise contained above is merely that, a summary, and does not contain all of the details and material terms agreed to by and between the Parties. Any person interested in the full settlement details should consult **Exhibit "A"**, which embodies the terms of the entire Compromise reached between the Parties.

## BASIS FOR RELIEF REQUESTED

### A. The Settlement Agreement Satisfies the *Justice Oaks* Factors

11.     Through this motion, the Parties request that this Court enter an Order approving the Settlement to permit the amicable resolution of the various claims between them. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). As a matter of policy, compromises and settlements are favored in order to minimize litigation and expedite the administration of the bankruptcy estate. *Munford v. Munford (In re Munford, Inc.)*, 97 F.3d 449, 455 (11th Cir. 1996).

12.     When considering settlements for approval under Bankruptcy Rule 9019, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998); *In re Gallagher*, 283 B.R. 342, 346 (Bankr. M.D. Fla. 2002). The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 852 (S.D. Fla. 2005). These factors are as follows: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the

complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interests of creditors and proper deference to their reasonable views. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990).

13.     It is not necessary for a bankruptcy court to explicitly consider all four *Justice Oaks* factors when approving a proposed settlement. *Chira v. Saal, et al.* (*In re Chira*), 567 F.3d 1307, 1313 (11th Cir. 2009) (affirming bankruptcy court's approval of settlement agreement where bankruptcy court explicitly evaluated only two of the four Justice Oaks Factors.) Also, a bankruptcy court is not obligated to actually rule on the merits of the various claims or conduct a "mini trial" on the merits of the underlying action. *In re Van Diepen, P.A.*, 236 F. Appx. 498, 503 (11th Cir. 2007) see also, *In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012). Rather, settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

14.     The Settlement Parties submit that the Settlement overwhelmingly satisfies the *Justice Oaks* factors. The Settlement is the product of extensive settlement discussions and negotiations between the Parties. The Parties submit that the Settlement is the direct result of the exercise of their business judgment and is in the best interests of the Debtor's estate when considering the uncertainties, significant expense, and potential delay involved in resolving the various claims between them.  As such, the Parties believe that the compromise set forth in the Settlement is reasonable and falls well above the lowest point on the range of reasonableness as required by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and applicable case law. *See Id*. at 1016 (quoting *In re W.T. Garant Co.*, 699 F.2d 599 (2d Cir. 1983).

15.     **The Probability of Success in the Litigation**. The first *Justice Oaks* factor reflects the Supreme Court's view that a court should form an "intelligent and objective opinion" of the probability of success in the underlying litigation and inherent costs in such litigation. *Protective

*Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). In fact, some courts have identified this factor as most important in determining the reasonableness of a settlement under Bankruptcy Rule 9019(a). *In re Adelphia*, 327 B.R. 143, 160 (Bankr. S.D.N.Y. 2005) (This factor . . . is in my view the most important factor, and I weigh it accordingly."). In the instant case, while the Trustee is confident that his potential fraudulent transfer claim is well-founded, after taking into consideration Delgado's position in respect of the Retainer, the Trustee recognizes there is always an inherent risk in any litigation and that the Compromise provides a resolution which embodies each party's respective probability of success.

16. **The Complexity of Litigation**. In evaluating the reasonableness of a settlement, a court should "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *TMT Trailer*, 390 U.S. at 424. The issues raised in a fraudulent transfer action against Delgado are likely to result in extensive litigation resulting in multiple rounds of discovery and voluminous briefing. The Parties believe the Compromise avoids costly litigation and provides a superior alternative for all parties and the Debtor's estate.

17. **The Interests of the Creditors**. In considering the paramount interest of the creditors, the Parties necessarily weighed all of the *Justice Oaks* factors. In this case, the Settlement resolves all of the outstanding issues between the Parties; and prevents the Parties from undertaking expensive, protracted, litigation.

18. After considering all the attending factors, the Parties believe that the Settlement is reasonable and in the best interests of the estate, and will resolve all disputes among the Parties avoiding delay and costly litigation with respect thereto. For all the foregoing reasons, the Parties believe that good cause exists for approval of the Agreement. The Agreement not only surpasses

the minimum threshold of reasonableness necessary to warrant approval, but it represents the best possible outcome for the Debtor and its estate and creditors.

**WHEREFORE**, the Parties respectfully request that the Court enter an order approving the proposed settlement, authorizing the parties to consummate the settlement pursuant to the terms of the Settlement, and granting such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 17th day of September 2019.

/s/ R. Scott Shuker, Esq.
**R. Scott Shuker, Esq.**
Florida Bar No. 0984469
rshuker@shukerdorris.com
**Mariane L. Dorris, Esq.**
Florida Bar No. 0173665
mdorris@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Avenue, Suite 1120
Orlando, Florida  32801
Tel:    (407) 337-2051
Fax:    (407) 337-2050
*Attorneys for Alex D. Moglia, Trustee for the Bankruptcy Estate of IPS Worldwide, LLC Good Gateway, LLC*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

**In re:**                                             **CASE NO.  6:19-bk-00511-KSJ**

**IPS WORLDWIDE, LLC,**                                **CHAPTER 11**

      **Debtor.**
_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true copy of **MOTION BY CHAPTER 11 TRUSTEE, TO APPROVE COMPROMISE PURSUANT TO BANKRUPTCY RULE 9019**, has been furnished by electronic mail and/or by U.S. First Class, postage prepaid mail to all parties who have requested notice in this case, including: Chapter 11 Trustee, Alex D. Moglia, Moglia Advisors, 1325 Remington Road, Suite H, Schaumburg, IL  60173; Delgado & Romanik, PLLC, c/o Jonathan Sykes, Esq., Burr & Forman, LLP, 200 South Orange Avenue, Suite 800, Orlando, Florida 32801, jskyes@burr.com; Debtor, c/o  Scott W. Spradley, Esq., Law Offices of Scott W. Spradley, P.A., 109 S. 5th Street, Flagler Beach, Florida 32136; Maria Yip, Examiner, c/o Tiffany Paynee Geyer, Esq., tpaynegeyer@bakerlaw.com, Baker Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, Florida 32801; Counsel for Creditors Committee, Rafael X. Zahralddin-Aravena, Esq., Elliott Greenleaf, P.C., 1105 N Market Street, Suite 1700, Wilmington, DE  19801, rxza@elliotgreenleaf.com; Eric M. Sutty, Elliot Greenleaf, P.C., 1105 N. Market Street, Suite 1700, Wilmington, DE 19801, ems@elliotgreenleaf.com; Bradley M. Saxton, Esq. and Ryan E. Davis, Esq., Winderweedle, Haines, Ward & Woodman, PA, 329 Park Avenue North, 2nd Floor, Winter Park, FL  32789, bsaxton@whww.com; rdavis@whww.com; Audrey M. Aleskovsky and Charles R. Sterbach, Office of the United States Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, audrey.m.aleskovsky@usdoj.gov; Charles.r.sterbach@usdoj.gov; to all parties entitled to receive electronic notice via CM/ECF; and to the LBR 1007-2 parties-in-interest matrix, as shown on the matrix attached to the original response filed with the Court, on this 17th day of September 2019.

                                                      /s/ R. Scott Shuker
                                                      R. Scott Shuker, Esquire

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:19-bk-00511-KSJ<br>Middle District of Florida<br>Orlando<br>Tue Sep 17 10:25:34 EDT 2019 | AREP Eight Tower Bridge LLC<br>c/o Zachary J. Bancroft, Esq.<br>Baker Donelson, et al.<br>200 S. Orange Ave., Ste. 2900<br>Orlando, FL 32801-3448 | Aclara Meters LLC<br>c/o James A. Timko, Esq.<br>Shutts & Bowen LLP<br>300 S. Orange Ave., #1600<br>Orlando, FL 32801-3382 |
| Advanced Business Capital<br>d/b/a Triumph Business<br>c/o Ullman & Ullman, P.A.<br>7700 W. Camino Real, Ste 401<br>Boca Raton, FL 33433-5543 | Alcoa Corporation<br>201 Isabella St. Ste. 500<br>Pittsburgh, PA 15212-5858 | Alex D. Moglia, Chapter 11 Trustee<br>Moglia Advisors<br>1325 Remington Road, Suite H<br>Schaumburg, IL 60173-4815 |
| Arcelor Mittal<br>250 W US Highway 12<br>Burns Harbor, IN 46304-9727 | Arconic, Inc.<br>Arconic Corporate Center<br>201 Isabella St.<br>Pittsburgh, PA 15212-5858<br>Attn: Melanie Smith, Legal Dept. | Atkore International<br>16100 S Lathrop Avenue<br>Harvey, IL 60426-6021 |
| Atkore International, Inc.<br>c/o Jordi Guso, Esq.<br>Berger Singerman LLP<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131-5319 | Bio-Rad Laboratories<br>1000 Alfred Nobel Drive<br>Hercules, CA 94547-1898 | Bossard, Inc.<br>Stephanie C. Lieb, Esq.<br>101 East Kennedy Boulevard, Suite 2700<br>Tampa, Florida 33602-5150 |
| Bossard,Inc.<br>909 W. Pinnacle Peak Road<br>Phoenix, AZ 85027-1419 | Colgate Palmolive Company<br>c/o Stephanie Lieb<br>101 E. Kenneday Boulevard<br>Suite 2700<br>Tampa, FL 33602-5150 | Conduent, Inc., fka Xerox Business Services,<br>fka Affiliated Computer Services, Inc.<br>c/o Larry A. Levick, Singer & Levick PC<br>16200 Addison Road, Suite 140<br>Addison, TX 75001-5377 |
| Delgado & Romanik, PLLC<br>c/o Jonathan M. Sykes, Esquire<br>200 S Orange Avenue, Suite 800<br>Orlando, FL 32801-6404 | Elo Touch Solutions<br>670 N McCarthy Blvd.<br>Ste. 100<br>Milpitas, CA 95035-5119 | Exfreight Zetz, LLC<br>c/o Michael A. Kaufman, Esq.<br>1615 Forum Place, Suite 3A<br>West Palm Beach, Florida 33401-2316 |
| Gibraltar Industries, Inc.<br>c/o Aaron A. Wernick, Esq.<br>Furr Cohen, PA<br>2255 Glades Road, Suite 301E<br>Boca Raton, FL 33431-7383 | Gilbraltar Industries<br>3556 Lake Shore Road<br>Buffalo, NY 14219-1485 | GlobalTranz Enterprises, Inc.<br>c/o Jordan D. Maglich, Esq.<br>Quarles & Brady LLP<br>101 East Kennedy Blvd., Suite 3400<br>Tampa, FL 33602-5195 |
| Infineon<br>30805 Santana Street<br>Hayward, CA 94544-7030 | Integrated Supply Network<br>2727 Interstate Drive<br>Lakeland, FL 33805-2304 | JL French<br>3101 S. Taylor Drive<br>Sheboygan, WI 53081-9401 |
| KTM Motorcycles<br>30100 Technology Drive<br>Murrieta, CA 92563-2542 | KTM North America Inc<br>c/o Justin D Kreindel Esq<br>Wilson Elser Moskowitz Edelman & Dicker<br>111 N Orange Ave Ste 1200<br>Orlando FL 32801-2361 | Lawrence M. Kosto, Esq.<br>Kosto & Rotella, P.A.<br>PO Box 113<br>Orlando FL 32802-0113 |
| Life Technologies<br>5791  Van Allen Way<br>Carlsbad, CA 92008-7321 | Neogen Corporation<br>c/o Aaron A. Wernick, Esq.<br>Furr Cohen PA<br>2255 Glades Rd., Ste 301E<br>Boca Raton, FL 33431-7383 | NuVasive, Inc.<br>c/o Edwin G. Rice<br>Bradley Arant Boult Cummings LLP<br>100 N Tampa Street, Suite 2200<br>Tampa, FL 33602-5809 |

NuVasive, Inc.
Bradley Arant Boult Cummings LLP
100 N. Tampa Street, Suite 2200
Tampa, FL 33602-5809

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Resource Logistics Group, Inc.
c/o Kenneth G.M. Mather, Esq.
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson St, Ste 2500
Tampa, FL 33602-5226

Rexnord
4701 W. Greenfield Avenue
Milwaukee, WI 53214-5300

Rexnord Industries, LLC
c/o Jordan D. Maglich, Esq.
Quarles & Brady LLP
101 East Kennedy Blvd., Suite 3400
Tampa, FL 33602-5195

Stanley
1000 Stanley Drive
Concord, NC 28027-7679

Stanley Black & Decker, Inc.
c/o Greenberg Traurig, P.A.
Mark D. Bloom, Esq.
333 SE 2nd Avenue
Miami, FL 33131-3238

Stanley Black & Decker, Inc.
c/o Greenberg Traurig, P.A.
Danielle S. Kemp, Esq.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602-5148

Stanley Black & Decker, Inc.
c/o I. William Spivey, II, Esq.
GREENBERG TRAURIG, P.A.
450 South Orange Ave., Suite 650
Orlando, FL 32801-3311

Stanley Black & Decker, Inc.
c/o Colin S. Baker, Esq.
Greenberg Traurig, P.A.
450 South Orange Ave., Suite 650
Orlando, FL 32801-3311

Suez Water Technologies
c/o Glenn Reisman, Esq.
Reisman Law Firm LLC
12 Old Hollow Road
Trumbull, CT 06611-5523

Suez Water Technologies and Solutions
c/o Glenn M. Reisman
12 Old Hollow Road, Ste. B
Trumbull, CT 06611-5523

Suez WaterTech & Solutions
4636 Somerton Road
Feasterville Trevos, PA 19053-6742

TE Connectivity
Attn: Samuel M. Koda, Jr., Esq.
2800 Fulling Mill Road
Middletown, PA 17057-3142

TE Connectivity Corporation
c/o Samuel M. Koda, Jr., Esq.
2800 Fulling Mill Road
Middletown, PA 17057-3142

TE Connectivity Corporation, et al.
c/o James A. Timko, Esq.
Shutts & Bowen LLP
300 S. Orange Ave., #1600
Orlando, FL 32801-3382

Tranzact Technologies, Inc.
c/o Denise D. Dell-Powell, Esq.
Burr & Forman LLP
200 S. Orange Ave., Suite 800
Orlando, FL 32801-6404

True Value Company, LLC
8600 W. Byn Mawr Ave.
Chicago  IL 60631-3505

Union Pacific Railroad Company
1400 Douglas St. STOP 1580
Omaha NE 68179-0002

Watlow
12001 Lackland Road
Saint Louis, MO 63146-4039

Wayne
3814 Jarrett Way
Austin, TX 78728-1298

XPO Logistics, Inc.
c/o Leanne McKnight Prendergast
12620 Beach Blvd. Suite 3 #126
Jacksonville, Florida 32246-7130

XPO Logistics, Inc.
c/o Deborah L. Fletcher, Partner
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210-2252

Xerium Technologies
1401 Capital Blvd
Youngsville, NC 27596

Xerium Technologies, Inc.
c/o Holmes P. Harden
Williams Mullen
PO Box 1000
Raleigh, NC  27602
hharden@williamsmullen.com  27602-1000

YRC ENTERPRISE SERVICES, INC.
c/o Gregory R. Farkas
200 Public Square #3000
Cleveland, OH 44114-2381

YRC Enterprise Services, Inc.
YRC, Inc. d/b/a YRC Freight
Robert Davis c/o Holland & Knight LLP
200 S. Orange Avenue, Ste 2600
Orlando, Florida 32801-3461

YRC Enterprise Services, Inc.
YRC, Inc. d/b/a YRC Freight
Brian McDowell c/o Holland & Knight LLP
200 S. Orange Avenue, Ste 2600
Orlando, Florida 32801-3461

YRC Freight
10990 Roe Avenue
Overland Park, KS 66211-1213

Zekelman Industries
c/o Frank Martin Wolff, Esq.
Frank Martin Wolff, P.A.
19 E. Central Blvd., Third Floor
Orlando, FL 32801-2468

```
Zekelman Industries, Inc.              c/o Ullman & Ullman, P.A.
Attn: Angela Miu                       Michael W. Ullman
227 W. Monroe St. Ste. 2600            Jared A. Ullman
Chicago, IL 60606-5082                 7700 W. Camino Real, Suite 401
                                       Boca Raton, FL 33433-5543
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Arcelor Mittal                      (d)Bio-Rad Laboratories                (d)Elo Touch Solutions
250 W US HIghway 12                    1000 Alfred Nobel Drive                670 N McCarthy Blvd
Burns Harbor, IN 46304-9727            Hercules, CA 94547-1898                Ste. 100
                                                                              Milpitas, CA 95035-5119


(d)Gilbraltar Industries               (d)Integrated Supply Network           (d)KTM Motorcycles
3556 Lake Shore Road                   2727 Interstate Drive                  30100 Technology Drive
Buffalo, NY 14219-1485                 Lakeland, FL 33805-2304                Murrieta, CA 92563-2542


(d)Stanley                             (d)Suez WaterTech & Solutions          (d)TE Connectivity
1000 Stanley Drive                     4636 Somerton Road                     Attn: Samuel M. Koda, Jr., Esq.
Concord, NC 28027-7679                 Feasterville Trevos, PA 19053-6742     2800 Fulling Mill Road
                                                                              Middletown, PA 17057-3142


(d)Wayne                               (d)Xerium Technologies                 (d)YRC Freight
3814 Jarrett Way                       1401 Capital Blvd                      10990 Roe Avenue
Austin, TX 78728-1298                  Youngsville, NC 27596                  Overland Park, KS 66211-1213


(d)Zekelman Industries, Inc.           End of Label Matrix
Attn: Angela Miu                       Mailable recipients    61
227 W. Monroe St. Ste. 2600            Bypassed recipients    13
Chicago, IL 60606-5082                 Total                  74
```

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Settlement Agreement" or "Agreement"), is made and entered into this 21st day of August, 2019, by and between **ALEX D. MOGLIA** ("Mr. Moglia" or "Trustee"), as Chapter 11 Trustee for **IPS WORLDWIDE, LLC** (the "Debtor"), and **DELGADO & ROMANIK, PLLC** ("Delgado") (Delgado together with Mr. Moglia are hereinafter collectively referred to as the "Parties" – where appropriate).

### RECITALS

1. **WHEREAS,** Debtor and Delgado executed a retainer agreement (the "Legal Services Agreement" or "LSA") pursuant to which Debtor retained Delgado to provide legal representation in connection with the "Investigation and Potential Defense of allegations of malfeasance o/b/o [Debtor] and principals regarding Stanley, Black and Decker and Other Corporate Deficiencies" (the "Legal Matter").

2. **WHEREAS,** pursuant to the Legal Services Agreement, Debtor was required to remit a non-refundable retainer of $160,000.00 upon signing of the LSA, which was earned upon receipt according to the terms of the LSA.

3. **WHEREAS,** in accordance with the LSA, Debtor remitted $160,000.00 to Delgado, and Delgado commenced representation of the Debtor in connection with the Legal Matter.

4. **WHEREAS,** on January 25, 2018, Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Middle District of Florida – Orlando Division ("the Bankruptcy Court").

5. **WHEREAS,** on April 5, 2019, the Court entered an order granting the motions of the U.S. Trustee (Doc. No. 227) and creditor, Stanley Black & Decker, Inc. (Doc. No. 290) for

34119564 v1

the appointment of a Chapter 11 trustee in the Debtor's bankruptcy case. That same day, Mr. Moglia was appointed to serve as Chapter 11 Trustee for the Debtor (Doc. No. 291).

6. **WHEREAS**, after his appointment as Chapter 11 Trustee, Mr. Moglia sent a demand to Delgado: (i) claiming the Retainer paid by the Debtor is an avoidable fraudulent transfer; and (ii) requesting the return of the full Retainer claiming such to be property of the Debtor's estate.

7. **WHEREAS**, Delgado responded to Mr. Moglia's demand claiming the Retainer was a form of "true or classic retainer" earned when received and non-refundable and, thus, is not property of the Debtor's estate subject to turnover. Delgado also asserts that payment of the Retainer is not avoidable as a fraudulent transfer as Debtor had received reasonably equivalent value at the time the Retainer was paid.

8. **WHEREAS**, due to the uncertainty and expense associated with litigating their respective claims and defenses to final judgment, the Parties have reached a settlement, and have determined that the compromise set forth herein is in the best interests of Debtor's estate. As such, the Parties now wish to fully and finally resolve and settle all disputes, controversies and issues between them regarding the Retainer paid by the Debtor.

## AGREEMENT

**NOW THEREFORE**, in consideration of the foregoing recitals and the mutual promises contained herein the receipt and sufficiency of each of which is hereby acknowledged by each party hereto, the Parties hereby agree as follows:

(1) **Incorporation of Recitals**. The foregoing Recitals are incorporated herein by reference and made a part of this Settlement Agreement.

(2) **Division of Retainer**. Within five (5) days following the entry of a final non-appealable order of the Bankruptcy Court approving this Agreement, Delgado shall return the

amount of One Hundred and Forty Thousand Dollars and xx/100 ($140,000.00) to the Trustee via wire transfer to the Trustee's operating account at Rabobank, N.A. (Acct: Ending 0366). Delgado shall be entitled to retain Twenty Thousand Dollars and xx/100 ($20,000.00) of the Retainer.

(3) **Termination of Legal Services Agreement**. Upon execution of this Agreement by the Parties, the Legal Services Agreement shall be terminated and of no further force or effect, Delgado shall have no further duties and obligations to represent the Debtor or its principals in connection with the Legal Services Agreement. No further documentation memorializing the termination of the Legal Services Agreement shall be necessary.

(3) **Mutual Releases**. As a material inducement to enter into this Agreement and as consideration for the releases to be provided, except to the extent that there exist rights and affirmative duties as set forth herein, each of the Parties, on behalf of themselves and their successors, representatives, officers, directors, employees, agents or assigns (the "Releasing Parties") shall be deemed to fully release, acquit and forever discharge each other from any and all claims, demand, damages, actions, causes of action, suits, contract, agreements, obligations, accounts defenses, offsets and liabilities of any kind or character whatsoever, known or unknown, suspected or unsuspected, including without limitation, any and all fraudulent transfer and other avoidance claims which the Trustee, Debtor or the Debtor's estate ever had, now have, or might hereinafter have against Delgado.

(4) **Miscellaneous**.

(a) **Governing Law; Jurisdiction**. The Settlement Agreement is to be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving affect to the principles of comity or conflicts of laws thereof. In the event any litigation or other formal legal or equitable proceeding (collectively, "Litigation") between or

among any of the parties hereto (or their affiliates, heirs, officers, directors, agents, successors, or assigns) is instituted in connection with the construction, interpretation, or enforcement of the Settlement Agreement, the party commencing such Litigation shall be required to institute the same in Bankruptcy Court, which shall retain jurisdiction to enforce and interpret the terms of the Settlement Agreement. Each party hereto hereby consents to the exclusive personal jurisdiction and venue of the Bankruptcy Court for a resolution of all disputes arising out of the construction, interpretation, or enforcement of any term or provision of the Settlement Agreement, and each party hereby waives the claim or defense that any such court in which any such Litigation is properly commenced as provided for herein constitutes an inconvenient forum.

(b) **Effect of Delay and Waivers**. No delay or omission to exercise any right or power accruing prior to or upon any breach, omission, or failure of performance hereunder shall impair any such right or power, or shall be construed to be a waiver thereof, and any such right or power may be exercised from time to time and as often as may be deemed expedient. In the event of any breach of any provision contained in the Settlement Agreement and/or ancillary agreements otherwise referred to herein, by a party hereto, thereafter waived by another party, such waiver shall be limited to the particular waiving party and to the particular breach in question and no other. No waiver or release of any term or provision of the Settlement Agreement shall be established by conduct, custom, or course of dealing, but solely by a document in writing duly authorized and executed by the waiving or releasing party.

(c) **Notices**. Whenever any party hereto desires or is required to provide any notice, demand, or request with respect to the Settlement Agreement, each such communication shall be in writing and shall be effective only if it is delivered by personal service (which shall include delivery by delivery service, express mail delivery service, telecopy or telefax) or mailed, by United States certified mail, postage prepaid, and addressed as follows:

| | |
|---|---|
| If to the Trustee: | R. Scott Shuker, Esq.<br>Latham, Shuker, Eden & Beaudine, LLP<br>111 N. Magnolia Avenue, Suite 1400<br>Orlando, Florida 32801<br>rshuker@lseblaw.com |
| If to Delgado: | Jonathan Sykes, Esq.<br>Burr & Forman, LLP<br>200 South Orange Avenue, Suite 800<br>Orlando, Florida 32801<br>jsykes@burr.com |

Such communications, when personally delivered, shall be effective upon receipt, but, if sent by certified mail in the manner set forth above, shall be effective three (3) business days following deposit in the United States mail. Any party may change its address for such communications by giving notice thereof to the other parties in accordance with the requirements of this section.

(f) **Severability**. If any provision of the Settlement Agreement is ultimately determined to be invalid or unenforceable, such provision shall be deemed limited by construction in scope and effect to the minimum extent necessary to render the same valid and enforceable, and, in the event no such limiting construction is possible, such invalid or unenforceable provision shall be deemed severed from the Settlement Agreement without affecting the validity of any other provision hereof.

(g) **Entire Agreement**. The Settlement Agreement and all other documents executed and delivered by the parties hereto to consummate the transactions contemplated herein, constitute the entire understanding and agreement of the parties hereto with respect to the subject matter thereof, and supersede all prior written and contemporaneous oral agreements, understandings, inducements, and conditions, express or implied, among the parties with respect thereto. The express terms of the Settlement Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof.

Page 5 of 6

34119564 v1

(h) **Counterparts**. The Settlement Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement.

(i) **Construction of Agreement**. The Settlement Agreement has been negotiated by the respective parties hereto, and the language hereof shall not be construed for or against any party. The titles and headings herein are for convenience and reference only, and shall not in any manner limit the construction of the Settlement Agreement which shall be considered as a whole. All additions or deletions of provisions from and all drafts of the Settlement Agreement shall be of no force or effect in interpreting the terms of the Settlement Agreement or the intentions of the parties hereto.

(k) **Approval of Bankruptcy Court**. The Parties are entering into this settlement to compromise a disputed claim and if this compromise is not approved by the Bankruptcy Court, then this Settlement Agreement shall be null and void and shall not be deemed an admission by either party.

IN WITNESS WHEREOF, the parties hereto have duly executed the Settlement Agreement as of and effective the date first written above.

_____
Alex D. Moglia, as Chapter 11 Trustee
For IPS Worldwide, LLC.

_____
Delgado & Romanik, PLLC
By: Aaron Delgado
Its: Shareholder / Owner