ORDERED.

Dated: February 07, 2020

_____
Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re

IPS WORLDWIDE, LLC,

    Debtor.

_____/

CASE NO.: 6:19-bk-00511-KSJ

CHAPTER 11

**ORDER APPROVING AMENDED DISCLOSURE STATEMENT AND CONFIRMING AMENDED PLAN OF LIQUIDATION FOR IPS WORLDWIDE, LLC**

**THIS MATTER** came on for hearing on February 3, 2020 at 2:00 p.m. (the "Hearing") to consider approval of: (i) the Amended Disclosure Statement Pursuant to 11 U.S.C. § 1125 (the "Disclosure Statement") (Doc. No. 588); (ii) the Amended Plan of Liquidation (the "Plan") (Doc. No. 589); (iii) the Confirmation Affidavit (Doc. No. 624); (iv) the Ballot Tabulation (Doc. No. 625); and (iv) the Amended Motion Pursuant to Section 1129(b) for Cramdown ("Cramdown Motion") (Doc. No. 627) submitted by **ALEX MOGLIA**, the Chapter 11 Trustee appointed in the above-referenced case ("Trustee") on behalf of **IPS WORLDWIDE, LLC** ("Debtor"). The Plan and Disclosure Statement were timely transmitted to all creditors and interest holders.

At the Hearing, counsel for the Trustee announced the following *ore tenus* modifications to the Plan; (i) *Indemnification*: Members of the Oversight Committee shall be indemnified by

and receive reimbursement from the Liquidating Trust against and from any and all loss, liability, or damage, including payment of attorneys' fees and other costs of defending themselves, which they may incur or sustain while acting in their fiduciary capacity, other than as a result of fraud, gross negligence, or willful misconduct including breach of fiduciary duty in the exercise and performance of their duties hereunder.  In advance of the final disposition of any claims, the Liquidating Trust shall pay expenses (including attorneys' fees) and other costs of any Oversight Committee member's defense.  In addition, if the Liquidating Trust is paying such expenses, the Oversight Committee member shall be required to demonstrate an undertaking to repay such amounts if it shall ultimately be determined that it is not entitled to be indemnified by the Liquidating Trust as authorized herein.  The terms of this paragraph shall continue to apply to any former Oversight Committee member; and (ii) The Oversight Committee may select a replacement member upon the resignation of any member and shall, thereafter, file a notice with the name of the new member.  Additionally, the Oversight Committee will adopt Bylaws as its members determine are reasonably necessary to fulfill its obligations (hereinafter the "Modifications").

After hearing on proper notice, and upon review of the Confirmation Affidavit, the Ballot Tabulation, the Plan and Modifications, and the proffer of testimony set forth at the Hearing, considering the Cramdown Motion, and that no further solicitation of the Plan, as clarified, is required.

Upon consideration of the Plan, Confirmation Affidavit, the Cramdown Motion and the evidence and testimony presented at the Hearing, and for the reasons stated orally and recorded in open court, the Court finds and determines that the requirements set forth in 11 U.S.C. § 1125 and 11 U.S.C. § 1129(a) and (b) of the Bankruptcy Code have been satisfied.  Accordingly, it is

    **ORDERED** as follows:

1.    The Disclosure Statement is **APPROVED**.

2. The Plan is **CONFIRMED**.

3. The Modifications are approved and deemed incorporated into the Plan.

4. The Cramdown Motion is **GRANTED**. Upon the Effective Date of this Order, all equity interests are extinguished.

5. Upon the Effective Date, Alex D. Moglia is hereby named as Liquidating Trustee (as defined in the Plan). The Liquidating Trustee shall take charge of the Liquidating Trust and will manage and control the Trust Assets on the Effective Date of the Plan. In addition to the powers noted in the Plan, the Liquidating Trustee shall have all the powers and authority of a trustee under applicable Florida law and will be a fiduciary to the Estate and its creditors.

6. Upon the Effective Date, the Liquidating Trustee on behalf of the Debtor and in his own capacities under the Plan, shall receive, retain, and pursue, at the sole and absolute discretion of and for the benefit of holders of Allowed Claims, any and all sources of Extraordinary Income including all Causes of Action, as those terms are defined in the Plan. Any Extraordinary Income will be paid to the holders of Allowed Claims as provided for in the Plan, less the actual costs of recovering or attempting to recover Extraordinary Income.

7. The Liquidating Trustee is authorized to execute all agreements and take all needed action to consummate the Plan.

8. The Liquidating Trustee shall pay all fees owing to the Office of the United States Trustee within thirty (30) days of entry of this Order for preconfirmation periods and simultaneously file with the Court the appropriate financial reports indicating the cash disbursements for the relevant period. The Liquidating Trustee shall continue to pay quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing the Debtor's case or enters an order either converting or dismissing the case.

9. The Liquidating Trustee shall file with the Bankruptcy Court post-confirmation financial reports for each quarter (or portion thereof) that the case remains open, in the format prescribed by the United States Trustee, until the case is converted or dismissed.

10. Pursuant to the Plan, unless another time is set by order of the Bankruptcy Court, all objections to Claims shall be filed by the Liquidating Trustee with the Bankruptcy Court and served upon the Holders of each of the Claims to which objections are made within ninety (90) days after the Effective Date.

11. Liquidating Trustee shall file a Certificate of Substantial Consummation and a Motion for Final Decree with thirty (30) days after the later of:

    a. the Effective Date of the Plan; or

    b. disposition of all objection to claims, adversary proceedings and other contested matters.

12. Liquidating Trustee shall file a report within ninety (90) days from the date of this Order of Confirmation. The report shall include: (1) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that the Liquidating Trustee has substantially complied with the provisions of the confirmed Plan.

13. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Order of Confirmation, specifically including but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

14.     **A status conference in this case is scheduled for Wednesday, March 25, 2020 at 2:00 p.m. before the Honorable Karen S. Jennemann, U.S. Bankruptcy Court, 6th Floor, Courtroom 6A, 400 W. Washington Street, Orlando, FL 32801.**

###

Attorney R. Scott Shuker is directed to serve a copy of this Order upon all interested parties and file a proof of service within three (3) days after entry of this Order.