UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

IPS WORLDWIDE, LLC,                              CASE NO. 6:19-bk-00511-KSJ

    Debtor.

_____/

**LIQUIDATING TRUSTEE'S REPLY TO BANK OF AMERICA, N.A.'S RESPONSE IN OPPOSITION TO EXPEDITED MOTION TO COMPEL**

ALEX D. MOGLIA, (the "Trustee"), as the Liquidating Trustee for IPS WORLDWIDE, LLC ("IPS" or "Debtor"), by and through his undersigned counsel, files his Reply to Bank of America N.A.'s ("BANA") Response in Opposition to the Trustee's Expedited Motion to Compel Production and Compliance with this Court's Order of September 11, 2020 [ECF 757]. (the "BANA Response" or "Response"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

In an obvious attempt to avoid producing documents as directed by this Court in its Order, dated September 11, 2020 [ECF 745] (the "Production Order"),[1] BANA and its counsel unfortunately resort to a series of irrelevant, vitriolic and simply misplaced personal attacks on the Trustee and his professionals. Among other emotional and personal attacks on the Trustee, his undersigned counsel and his e-discovery vendor, BANA and its counsel accuse them of a "*stunning lack of understanding,*" an "*utter lack of cooperation,*" a "*lack of education,*" a "*fundamental lack of understanding,*" "*not only incorrect, but ignorant,*" "*refused to engaged in a dialogue,*" "*no conception,*" and have been "*rigid, inflexible and wholly uncooperative.*" These attacks are not

---

[1] The Court's Production Order was entered on the docket on September 14, 2020.

only baseless, but are insulting, have no place in this Court and are the epitome of unprofessionalism.[2]

Turning to the merits before the Court, the issues are straightforward and narrow. The Trustee served a Subpoena on BANA seven (7) months ago. BANA raised numerous objections and sought protection from this Court. This Court fully considered BANA's objections and request for protection at a duly noticed hearing, and, but for two issues that were deferred by the Court, ***overruled and denied*** all of BANA's objections and importantly ***ordered and directed*** BANA to "produce all documents responsive to the Subpoena on or before October 9, 2020" limited at that time to the agreed eleven (11) custodians. To date, nearly six (6) weeks after the Court-ordered deadline, the plain truth is that BANA has failed and refused to produce any ESI, emails, other electronically stored documents and/or non-financial records to the Trustee in response to the Subpoena and the Court's Production Order. Instead, BANA sought a last minute extension of the Court's October 9th deadline without any legal or factual basis. Now in its Response, BANA seeks to rehash and reargue many of the same arguments that it previously raised and that were already considered and rejected by the Court. Pending in the meantime is the imminent expiration of a statute of limitations for the Trustee to assert claims and causes of action against BANA. To be clear, BANA is well aware of that deadline, and so the most recent attempt by BANA to delay production of the documents already ordered by the Court to be produced is in the category of "*the best defense is a good offense*." In its Response, BANA goes on the offensive and levies a series

---

[2] The Florida Bar has established a set of "Guidelines for Professional Conduct" that include, among other things, general principles (i) that a "lawyer always should strive to uphold the honor and dignity of the profession," (ii) that a "lawyer should be courteous and civil in all professional dealings with other persons," (iii) that "lawyers should act in a civil manner regardless of the ill feelings that their clients may have towards others," (iv) that "lawyers can disagree without being disagreeable," (v) that "effective and zealous representation does not require antagonistic or acrimonious behavior," and (vi) that "lawyers should avoid … disparaging personal remarks, or acrimony toward other counsel, parties or witnesses." Sadly, these principles were not adhered to in BANA's Response. *See* https://www.floridabar.org/prof/presources/presources002/#A.%20GENERAL%20PRINCIPLES

of ad hominem attacks on the Trustee and his professionals in the hopes of diverting attention away from its failure to comply with the Court's Production Order, thereby "running out the clock" on the statute of limitations.

As outlined succinctly below, the Court should enter an order enforcing and compelling compliance with its Production Order and once again order BANA to produce the responsive documents. In addition, given the imminent expiration of the statute of limitations under Sections 108 and 546 of the Bankruptcy Code and as a sanction for BANA's failure to comply with this Court's Production Order, the Trustee requests that the Court extend that limitations period under 11 U.S.C. §§108 and 546 for a period of 180 days after BANA complies with all of its obligations to produce documents pursuant to the Subpoena and this Court's Production Order.

## PROCEDURAL BACKGROUND

1. On January 25, 2019, the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. On April 25, 2019, this Court entered orders for the appointment of a Chapter 11 Trustee, resulting in the appointment of the Trustee herein. [ECF Nos. 200, 290].

3. On January 3, 2020, this Court entered its Order granting the Trustee's application to retained undersigned counsel and the Law Firm of Genovese, Joblove & Battista, P.A. as Trustee's Special Litigation Counsel. [ECF 621].

4. Among other matters and as previously acknowledged by BANA, the Trustee has undertaken to "investigate any of the estate's potential claims and causes of action against Financial Institutions, including BANA." [ECF 699 at 5].

5. In connection therewith, on April 20, 2020, the Trustee filed his Omnibus Notice of Issuance of a Subpoena For Rule 2004 Examination to Produce Documents, direct toward BANA. ("Subpoena"). [ECF 684].

6. On May 22, 2020, BANA filed its Motion for Protective Order directed towards the Subpoena. [ECF. No. 699]. Included among its various arguments in the Motion for Protective Order, BANA asserted that the Subpoena was "*vastly overbroad*" [ECF 699 at 2]; and that Trustee's counsel "*failed to narrow their overbroad requests, which are duplicative and ambiguous, making the search upon BANA unduly burdensome…*" [ECF 699 at 7]. In addition, BANA complained about the definitions and instructions in the Subpoena and asserted that they did not include "*additional criteria (ie., custodians and search terms) ….*" [ECF 699 at 15]. BANA further complained that the Trustee "*has not provided any proposed search terms ...*" [ECF 699 at 16] and that search terms "*have not been even suggested by the Trustee….*" *Id.*

7. BANA additionally argued in its Motion for Protective Order that "*this request will require collection from multiple custodians located around the world, from multiple sources, systems and repositories. Such a search and review process will require at least an additional 60 days, utilizing internal bank resources, in-house counsel and outside counsel, and an e-discovery vendor.*" [ECF 699 at 8]. BANA went on to request an extension of time to produce responsive (non-privileged) documents through July 20, 2020. [ECF 699 at 9]. Additionally BANA initially insisted that it would not produce documents or a privilege log pursuant to the Subpoena until the Trustee agreed to pay for its entire costs and fees that it estimated to be between approximately $60,392.04 to $119,614.07. [ECF 734 at 8].

8. The Trustee filed his response to BANA's Motion for Protective Order on July 31, 2020. [ECF 734] (the "Trustee's Response"). Among other responses raised, the Trustee noted

4

that BANA's position that it would not provide any discovery absent prepayment of yet unknown costs and fees relating to production was untenable. Additionally, owing to BANA's refusal to provide the basis of the information upon which such divergent costs estimates were based made it impossible for the Trustee to exercise his fiduciary duty to conserve the resources of the estate and obtain a third party estimate for purposes of cost sharing.

9. The Court held a hearing on BANA's Motion for Protective Order on September 8, 2020 [ECF 742]. (the "Hearing"). After reviewing the pleadings and considering the argument of counsel for the Trustee at the Hearing, the Court entered its written Production Order, the language of which having been agreed to by counsel to BANA, memorializing its oral rulings at the Hearing. As relates to each of BANA's objections to the Subpoena raised in the Motion for Protective Order, the Court **directed** in clear and unambiguous language that BANA:

a. Produce all documents responsive to the Subpoena, limited at this time to the eleven custodians agreed to by the parties, on or before October 9, 2020;

b. Reserved ruling on BANA's objections to the production of the Policies and Procedures requested in the Subpoena; and

c. Required that BANA provide Trustee's counsel with sufficient information to enable the Trustee to obtain independent bids relating to costs for searching and producing documents requested in the subpoena.[3]

10. Thereafter, on October 9, 2020, BANA filed its Motion For an Extension of Time to Produce Documents [ECF 754] (the "Extension Motion").

---

[3] The Order also confirmed that no production of a SAR or a document that referred to the existence or non-existence of SAR should be produced, but required that BANA provide a privilege log to the Trustee in conformity with the Federal Rules of Civil Procedure as to documents withheld from the production on or before October 9, 2020. No privilege log has been produced as of the date hereof, nor has BANA sought an extension of time to produce such a log.

11. The Trustee filed his Response in Opposition to the Extension Motion on October 21, 2020. [ECF 758]. (the "Response to Extension Motion").

12. Simultaneously with the filing of his Response to the Extension Motion, the Trustee filed his *Expedited* Motion to Compel Production of Documents from Bank of America, N.A. and Compliance With This Court's Order Related Thereto. [ECF 757] (the "Motion to Compel"). The Trustee requested this Court's expedited review of the Motion to Compel owing to the impending statute of limitations. *Id.*

13. This Court set a hearing on the Motion to Compel on November 20, 2020. [ECF 762]. Also on the Court's calendar for hearing that day is BANA's Extension Motion, [ECF 764] as well as the previously scheduled Subsequent Hearing as set forth in the Court's Production Order.

**BANA'S ATTEMPTS TO MISDIRECT FROM THE IMMEDIATE ISSUE: PRODUCTION OF DOCUMENTS ALREADY ORDERED BY THE COURT**

14. Regrettably and in addition to the ad hominem attacks on the Trustee and his counsel detailed above, BANA's Response misrepresents the state of communications between and among counsel relating to production of ESI. Additionally, BANA's Response repeats and rehashes prior arguments that have been overruled and rejected by this Court. To be clear, BANA did not seek reconsideration of the Court's Production Order. Thus, in order to divert attention from its failures, BANA misdirects, misrepresents and impugns.

15. At the outset, BANA's Response reiterates its position on the production of its Policies and Procedures. The Trustee notes that this issue has been set for argument on Friday, November 20, 2020. The Trustee acknowledges BANA's position on this issue in its Motion for Protective Order, and is prepared to address that discrete issue at the upcoming hearing consistent with the Trustee's arguments set forth in the Trustee's Response.

6

16. BANA's Response also urges that "*this Court must allocate the full cost of e-discovery in response to the Subpoena to the Trustee.*" [ECF 770 at 3]. However, the Court has already reserved the matter of allocation of costs for a later date. *See* Production Order at ¶6. As such, the issue of cost allocation is not ripe for consideration at this time. BANA's demands for the prepayment of all costs before any production is made to the Trustee has already been considered and rejected by the Court in its Production Order. The Trustee will be prepared to address such issues, assuming no agreement, at any hearing the Court sets on that specific issue when the time is right.

17. The immediate issue before the Court at this moment is not who will ultimately bear the costs of production, but rather compelling BANA's compliance with the Court's Production Order and again requiring it to actually **make** production of ESI and non-financial documents responsive to the Subpoena.

18. Even if BANA's baseless allegations, misrepresentations and misdirection contained in the Response were true, which the Trustee rejects, the simple fact remains that BANA has steadfastly refused to produce any ESI data on the agreed eleven (11) custodians. The operative facts are not in dispute.

19. The Subpoena was issued in April 2020. BANA sought protection and the Court ruled that production as to the agreed eleven (11) custodians must be provided by October 9, 2020. There were no conditions or exceptions in the Court's Production Order as to those documents.

20. Rather than complying with the Court's Production Order and producing any ESI, BANA filed its Extension Motion on the designated day for production seeking additional time, but providing no justification of why it was unable to provide **any** responsive ESI documents by the Court's deadline. A justification that remains unspoken today.

21.     Instead, in its Extension Motion as in its Response, BANA points to the lack of additional search terms from the Trustee as one of its reasons for needing an extension as to all of the production. That objection and complaint, however, was previously raised by BANA and previously decided in the Trustee's favor by the Court's Production Order, which required and directed production of the ESI and other documents relating to the agreed eleven (11) custodians. *See ¶6 supra.* BANA did not move for reconsideration of the Court's Production Order.

22.     In its Extension Motion and to a lesser extent in its Response, BANA also points to its purported confusion over whether the Trustee would further limit the number of custodians from eleven (11) to ten (10) as one of the reasons it required an extension. The Trustee addresses BANA's alleged confusion in the Trustee's Motion to Compel. Suffice it to say, however, that even if BANA was confused about the potential exclusion of a single individual from the list of eleven (11) custodians, that confusion does not excuse BANA's failure to turn over the responsive ESI and documents related to the other ten (10) custodians – or for that matter any smaller number of the ten (10) remaining individuals.

23.     Lastly, in its Response, BANA claims to have been fully cooperative throughout this bankruptcy case with Maria Yip as the Examiner,[4] and then attempts to downplay the significance of the ESI documents when it suggests that the "*only remaining outstanding production is the Bank's e-discovery data set....*" [ECF 770 at 9]. Notwithstanding such argument and as this Court knows all too well, ESI discovery is critical to investigating and evaluating the existence and viability of claims against a financial institution like BANA. BANA's continued refusal to produce its ESI is a glaring sign as to the potential existence of claims against BANA.

---

[4] BANA devotes pages of its Response to its prior production of documents to the Examiner. Yet a review of those subpoenas makes clear that no ESI or non-financial record production was sought by the Examiner. This is just but an example of the host of misleading arguments made by BANA in its efforts to delay or avoid production pursuant to the Subpoena. [ECF Nos. 268, 342].

24.     In summary, the two reasons upon which BANA seeks an extension of time to produce documents ordered by the Court are misplaced. First, the Court has already denied BANA's objections based on a lack of search terms. Second, even if there were confusion over one of the 11 custodians, BANA has offered no explanation as to why documents for the other 10 have not been produced. Moreover, in its recent Response, BANA adds nothing to its arguments on this issue, other than rehashing objections that have already been addressed and denied by the Court, and attacking the Trustee and his professionals as being "***not only incorrect, but ignorant***." Finally, six (6) weeks have passed since BANA filed its Extension Motion and one month has passed since BANA learned of the Trustee's position in the Motion to Compel, and yet BANA still has not produced any responsive ESI or non-financial documents.

### BANA'S CONDUCT JUSTIFIES EQUITABLE TOLLING OF THE LIMITATIONS PERIODS UNDER 11 U.S.C. §§108 AND 546

25.     In the Response to Extension Motion, the Trustee reserved on the question of whether he will seek equitable tolling of the limitations period set forth in 11 U.S.C. §§108 and 546 pertaining to non-bankruptcy and bankruptcy causes of action. The Trustee has repeatedly stressed the importance of timely production of responsive documents to the Subpoena in light of the current limitations deadline of January 25, 2021. BANA's continued failures, and its recalcitrance as evidenced by the attacks and positions taken in its Response, make clear that critical mass has been reached. As such, the Trustee is compelled to request that the Court extend the limitations period under 11 U.S.C. §§108 and 546 for a period of 180 days after BANA complies with its obligations to produce documents pursuant to the Subpoena and this Court's Production Order. Given the current lack of production of documents by BANA, which the Trustee has been trying to obtain in good faith for over seven (7) months, coupled with the intervening holidays, the Trustee will not be in a position – even assuming the immediate and

fulsome production of documents by BANA - to professionally and appropriately analyze all of the potential claims that may exist against BANA on the part of the Estate, and/or to take the appropriate Rule 2004 examinations in connection therewith.

26. To be sure, this Court has the power and authority to extend the limitations periods in 11 U.S.C. §§108 and 546. *See In Re Campbellton-Hospital Corporation,* 616 B.R. 177 (Bankr. N.D. Fla. 2019) (granting extension to file non-bankruptcy causes of action under §108); *In re Providence Financial Investments*, 593 B.R. 884 (Bankr. S.D. Fla. 2018) (granting time to file under section 108, 546, and 549 due to the inability to obtain key documents necessary for forensic accounting within limitations period due to nature and scope of fraud); *See also In re: International Administrative Services, Inc.*, 408 F.3d 689 (11th Cir. 2005)(bankruptcy court has authority to extend limitations period under section 546(a); and equitable tolling principles apply to all federal statutes establishing time limits for commencing actions).

27. If the Court requires, then the Trustee is prepared to provide evidence at a subsequent hearing that counters BANA's baseless allegations and irrelevant and misleading presentations about the alleged reasons for the delay in producing documents and complying with the Subpoena and the Court's Production Order. In doing so the Trustee will address that (i) he and his professionals acted in good faith and with diligence; (ii) the delay was caused by obfuscating and tactical maneuvers of the BANA; (iii) the delay was not within the reasonable control of the Trustee who had undertaken significant and diligent efforts to discover the facts underlying any causes of action; (iv) the limitations period for non-bankruptcy causes of action under 108 would have expired during the pendency of the bankruptcy; (v) suspension under 108 is appropriate because it will allow the Trustee to continue his investigation and bring the

appropriate causes of action; and (vi) there will be no prejudice to the estate and its stakeholders, who would only stand to benefit from the additional time.

## CONCLUSION

28. BANA has evidenced a pattern of obfuscation and obstruction relating to production of the ESI called for in the Subpoena and which is the subject of this Court's Production Order. The operative facts are not in dispute. BANA has not complied with this Court's Production Order. The Court should not indulge BANA's misdirection any further and, instead, should order its immediate production of all extant documents (including ESI) requested in the Subpoena as to the initial eleven (11) custodians, as narrowed by any further Order of the Court as to the Policies and Procedures. The Court should also extend the applicable limitations period under 11 U.S.C. §§108 and 546 for a period of 180 days after BANA complies with its obligations to produce documents pursuant to the Subpoena and this Court's Production Order.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the Motion to Compel consistent with the relief requested therein and herein, enter its Order extending the applicable limitations period under 11 U.S.C. §§108 and 546 for a period of 180 days after BANA complies with all of its obligations to produce responsive materials and a privilege log pursuant to the Subpoena, this Court's Production Order and any further Order of this Court directing production of the Policies and Procedures, and for such other and further relief as is appropriate.

Respectfully submitted on November 18, 2020.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Special Counsel to the Liquidating Trustee*
200 East Broward Boulevard, Suite 1110
Fort Lauderdale, Florida 33301
Telephone: (954) 453-8000
Telecopier: (954) 331-2907

By: /s/ Paul J. Battista
Paul J. Battista, Esq. (FBN 884162)
E-Mail: pbattista@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on November 18, 2020, I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means and a copy was also forwarded via first class mail to all parties identified on the attached Service List who are not registered users of the Court's CM/ECF system.

By: /s/ Paul J. Battista
Paul J. Battista, Esq. (FBN 884162)
E-Mail: pbattista@gjb-law.com